George Leopold GUTHRIE, Appellant,

v.

Valerie Mae (Guthrie) RAY, Appellee.

No. 19258.

Court of Civil Appeals of Texas, Dallas.

Sept. 15, 1977.

Herbert H. Landau, Dallas, for appellant.

Grier H. Raggio, Raggio & Raggio, Inc., Dallas, for appellee.

GUITTARD, Chief Justice.

This suit was brought by the father of a five-year-old boy to modify a pre-1974 divorce decree awarding custody to the mother. At the close of the father's evidence, the court granted the mother's motion for judgment denying the modification. We hold that this ruling was error because the court did not recognize and decide the fact issue of material and substantial change in the circumstances of the child. Such an issue, we hold, was raised by evidence that the child had resided continuously with the father for the three years following the divorce with the consent of the mother and that a change in this situation would have been distressing to the child. Accordingly, we reverse the judgment and remand the cause for a new trial.

Before discussing the merits, we must consider several procedural questions. In the first place, the mother contends that the conservatorship issue was not properly raised in the trial court because the divorce was granted before January 1, 1974, the effective date of the Family Code, and the father's first pleading in the present proceeding was made as a motion in the original divorce proceeding rather than as a petition in a new suit as contemplated by the Code. The applicable provision of the Code is section 4(b) of the transitional provisions, as follows:

(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction. Acts 1973, ch. 543, § 4(b), at 1459.

■ The mother insists that the present proceeding cannot be treated as a new suit because she was not served with citation as required by section 11.09,[1] no social study had been completed, as provided by section 11.12, and the petition did not contain all the allegations for a suit affecting the parent-child relationship as required by section 11.08.

We conclude that none of these contentions are tenable because section 4(b), above quoted, requires that this proceeding be treated as an independent suit, regardless of whether the usual prerequisites of a suit affecting the parent-child relationship have been satisfied. See *Curtis v. Gibbs*, 511 S.W.2d 263, 268 (Tex.1974). No problem arises here concerning exclusive jurisdiction or venue in the court of some other county, since all the parties still reside in Dallas County, where they resided at the time of the divorce. If there is any question concerning sufficiency of the pleading, service

of process, or availability of the social study report, these questions may be raised by exceptions, motion to quash service, motion to postpone the hearing, or in some other appropriate manner. This proceeding must nevertheless be "treated as the commencement of a suit affecting the parent-child relationship," under section 4(b), since the previous order was issued before 1974. Consequently, the trial court had jurisdiction to decide the conservatorship issue.

■ The case is further complicated procedurally by an application for writ of habeas corpus filed by the mother. We conclude that this application does not affect the father's suit to modify the previous conservatorship order. The application for habeas corpus was filed as a separate action in the same court after the father's petition to modify had already been filed. In answer to the application for writ of habeas corpus, the father pleaded grounds for modification of the conservatorship. The judge signed an order consolidating the two proceedings, but he heard them separately. On hearing the application for habeas corpus, he granted the writ and directed the father to surrender possession of the child to the mother. The father complied with this order, but proceeded with his petition for modification of conservatorship, which was heard several weeks later.

We agree with the mother's contention that under section 14.10(c), the grounds alleged for modification of the conservatorship did not constitute a defense to the application for writ of habeas corpus, since they raised no "serious immediate question concerning the welfare of the child." *McElreath v. Stewart*, 545 S.W.2d 955, 958 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882, 883 (Tex.1976). We also agree with the mother's argument that the residence of the child in the state for twelve months can have no effect on the application for habeas corpus because the twelve-month provision in section 14.10(b)(2) applies only to an application to enforce a "previous order . . . granted by a court of another state or nation."

---

1. All references to section numbers unless otherwise specified are to Tex.Family Code Ann. (Vernon 1975) or to Tex.Family Code Ann. (Vernon Supp.1977), if applicable.

Nevertheless, we conclude that the habeas corpus proceeding has no bearing on the present appeal. The order granting the writ of habeas corpus was issued before the hearing on the petition to modify conservatorship, and no complaint of that order is made here. We regard the later order denying the modification of conservatorship, from which the present appeal is taken, as having been made in the original action to modify. After the two proceedings were consolidated, the father filed a two-part amended pleading in the consolidated proceeding. The first part was styled "First Amended Answer to Writ of Habeas Corpus," and the second was styled "Motion to Modify in Suit Affecting the Parent-Child Relationship." We regard this motion to modify as an amendment of the original petition in the proceeding to modify conservatorship. Consequently, after the writ of habeas corpus was granted, the earlier proceeding to modify conservatorship remained pending in the trial court as a separate and independent suit, and the trial court properly heard evidence on the conservatorship issue.

Although the conservatorship issue was thus properly presented to the trial court, the record indicates that the judge did not recognize it and did not exercise his fact-finding function in deciding it. The only evidence before the court was that presented by the father. After the close of the evidence, the mother's counsel made an oral motion for judgment of dismissal on the ground that the father had shown no substantial change of circumstances since the date of the divorce. The court sustained this motion and denied the modification.

■ Under these circumstances, the case cannot be regarded as one in which the trial court found the facts in favor of the mother. The case falls, rather, within the rule that in a trial without a jury, granting a defendant's motion for judgment at the close of the plaintiff's evidence is equivalent to granting a motion for instructed verdict in a jury case, so that the appellate court must accept the plaintiff's evidence as true and must reverse and remand if the

record contains any evidence that would support a judgment favorable to the plaintiff. *Allen v. Nesmith*, 525 S.W.2d 943, 946 (Tex.Civ.App.—Houston [1st Dist.]), *writ ref'd n. r. e. per curiam*, 531 S.W.2d 330 (Tex.1975); *Burkhardt v. Harris*, 200 S.W.2d 445, 447 (Tex.Civ.App.—Austin 1947, no writ); *Lorino v. Crawford Packing Co.*, 169 S.W.2d 235, 240 (Tex.Civ.App.—Galveston 1943), *aff'd*, 142 Tex. 51, 175 S.W.2d 410 (1943). Such a motion is said to have the same effect as a common-law demurrer to the evidence, which raises the question of whether plaintiff's evidence, if taken as true, fails to establish grounds for the relief sought. *Donaldson v. Oak Park Cemetery, Inc.*, 110 S.W.2d 119, 121 (Tex. Civ.App.—Galveston 1937, no writ).

■ Perhaps a trial judge should have power, when all of the plaintiff's evidence has been presented, to find the facts against the plaintiff without hearing evidence from the defendant. Conceivably he may do so if the record is clear that his decision was made on that basis. Where, however, the motion for judgment raises only the contention, as in a motion for instructed verdict, that the plaintiff's evidence is insufficient to raise a fact issue, the court's fact-finding function is not invoked. Whether the evidence is sufficient to raise a fact issue is quite a different question than whether the evidence preponderates one way or the other. Sufficiency of the evidence to raise a fact issue turns on the legal effect of evidence assumed to be true rather than on the persuasiveness of evidence to the fact finder. Consequently, when such a motion has been granted, the appellate court cannot properly presume any fact finding in support of the judgment.

■ In the present case the mother's motion for judgment and the remarks of the judge in sustaining it indicate that his decision was to the effect that the evidence presented by the father did not raise a fact issue of material and substantial change of circumstances that would support a modification of conservatorship. Accordingly, under the above authorities, we have exam-

ined the evidence to determine whether it raised such an issue. That examination has convinced us that such an issue was raised and that the evidence would have supported a modification of conservatorship under section 14.08(c)(1). The father testified that at the time of the divorce the mother, though awarded custody, had voluntarily permitted the child to stay with him, and that she had made no effort to obtain possession until after the present proceeding was filed. During the intervening three years, the father had taken care of almost all the child's needs and the mother had only visited from time to time. Meanwhile, both parties had remarried. The father's wife testified that she loved the child and had taken care of him as if he were her own. She also testified that her daughter by a previous marriage was a good companion to the child and that the two children loved each other. The father also presented the testimony of a child psychiatrist, who testified that she had visited with the child several times and had interviewed both the mother and the father. Although she found no fault with either set of parents, she expressed the opinion that since the child had never been separated from his father, the father had become the most significant person in his life and that separation would be distressing to the child. Accordingly, she advised that the child remain with the father.

The mother seeks to uphold the judgment on the ground that the father failed to show any material change in the mother's circumstances, and she argues that the evidence shows that her circumstances were, in fact, more favorable than at the time of the divorce, since she had remarried and was in better health. This argument ignores changes in the circumstances of the child, an alternative ground in section 14.08(c)(1) for modification of an order designating a managing conservator. The evidence would have justified a finding that the child's circumstances were different after residence with the father for a period of three years and would have supported a conclusion by the trial court that the child's consequent close association with the father, stepmother, stepsister, and all the surrounding circumstances of the father's home, were material and substantial changes in the child's circumstances within section 14.08(c)(1). We hold that the court erred in failing to recognize and decide this fact issue. Consequently, we reverse and remand the case for a new trial.

This decision should not be understood to mean that the evidence would not have supported an exercise of the trial court's discretion to deny the modification of conservatorship if the record were clear that the judge had so exercised his discretion after due consideration of the evidence. We express no opinion on that question.

Reversed and remanded.