**Dennese W. KIRKWOOD, Appellant,**

v.

**Billie Reid KIRKWOOD, Appellee.**

**No. 08–83–00002–CV.**

Court of Appeals of Texas, El Paso.

Nov. 9, 1983.

Rehearing Denied Dec. 7, 1983.

Kitty Schild, El Paso, for appellant.

Richard K. Shinaut, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from an order denying a change of managing conservator for three minor children. We reverse and remand.

Dennese and Billie Kirkwood, the parents of James, age sixteen, Christopher, age ten, and Dana, age eight, were divorced in February, 1980. Billie was named managing conservator of the three minor children. In June, 1982, Dennese filed a motion to modify and sought to be named managing conservator. At the hearing on the motion, Dennese, an elementary school principal, Dana's second grade teacher and Chris's fourth grade teacher all testified. After

their testimony, counsel for Appellant advised the court that she had no further witnesses having to do with the material change of circumstances. Counsel for Appellee then made a motion to deny the motion to modify because there was "no credible evidence" showing a material change of conditions. The court granted the motion, and Appellee did not present any evidence.

The Appellant presents three points of error. She first contends the trial court erred in granting Appellee's motion for judgment when the evidence raised a fact issue concerning a material change in the circumstances of Appellee and the children. In *Jones v. Cable,* 626 S.W.2d 734 (Tex. 1981), the court stated that before a court can modify a custody order under Section 14.08(c)(1) of the Texas Family Code there (1) must be a change in the circumstances of the child or custodial parent so material and substantial that (2) retention of the present managing conservator would be injurious to the welfare of the child and (3) the appointment of a new managing conservator would be a positive improvement for the child. In this case, the court did not reach the second and third requirements because it ruled as a matter of law that there was no evidence to raise a fact issue concerning the first requirement. Such ruling was made after Appellant presented all of her evidence on the first requirement, but before Appellant had "rested" her case and before Appellee presented any evidence. The danger in this type of proceeding is best described by Dan Price, Modification of Custody, Visitation and Support, Advanced Family Law Course (1983) Z–32, as follows:

> As soon as a movant rests, respondent may and often does move for judgment, prior to putting on respondent's case; however, this practice should be done cautiously, for if there is *any* evidence that would support judgment for the movant, a court abuses its discretion in granting the motion and subjects the case to a remand on appeal. *See Guthrie v. Ray,* 556 S.W.2d 589, 591–92 (Tex.Civ.App.— Dallas 1977, no writ). In a trial to the

court, granting a respondent's motion for judgment at the close of a movant's case is equivalent to granting a defendant's motion for instructed verdict in a jury case; therefore, the court must accept as true the movant's evidence, and the case will be reversed and remanded "if the record contains *any* evidence that would support a judgment favorable to the plaintiff." *Id.* at 591 (emphasis added; such motion is akin to a common-law demurrer to the evidence).

Upon this appeal, we must consider all of the evidence in its most favorable light in support of the plaintiff's position and discard all contrary evidence and inferences. *Henderson v. Travelers Insurance Company,* 544 S.W.2d 649 (Tex.1976). If there is any evidence of probative force on any theory of recovery, that issue must be decided by the trier of the facts. *Jones v. Tarrant Utility Company,* 638 S.W.2d 862 (Tex.1982). It is error to grant an instructed verdict, or motion for judgment in a non jury trial, where the evidence and reasonable inferences raise a fact issue. *Guthrie v. Ray,* 556 S.W.2d 589 (Tex.Civ.App.—Dallas 1977, no writ); *Tryad Service Corporation v. Machine Tool Center, Inc.,* 512 S.W.2d 785 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

In 1949, Justice W.O. Murray writing for the San Antonio Court of Civil Appeals in *Leonard v. Leonard,* 218 S.W.2d 296 (no writ) said:

> Material change of conditions which will require a modification of a decree as to the custody of a child is ordinarily such as (1) Marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar material change of conditions.

Since that time our courts have expanded that list so as to include all areas of the child's physical, mental, emotional and moral well-being, stability and development. Dan Price, "Best Interest" and "Material Change" Factors in Child Custody and Visitation Modification Suits, State Bar of Texas—Marriage Dissolution, 1982, B–7 et seq.

In this case, the mother testified that immediately after the divorce she regularly visited the children in their home with their father, and on such occasions she did their laundry, cleaned their rooms and sometimes prepared meals. After the Appellee remarried, the stepmother took over the care of the children. There was testimony that during the school year 1981–82 Chris became very disruptive in class, was not clean and well dressed as before and the teacher and principal recommended professional counseling for him. There was also testimony with regard to school problems of Dana and an infection that was not properly treated. The mother testified the children's clothes were often dirty and in bad repair. There were indications of communication problems between the younger children and their father after he remarried, and the youngest children were unhappy with their home life. This evidence raised a fact issue and it was error for the court to grant the motion for judgment. Point of Error No. One is sustained.

It is not necessary that we pass on the other points of error. But, we do note that the Appellant had sought to have the court interview the children in chambers to comply with Section 14.07(c) of the Texas Family Code. In this case, the court agreed to have such an interview to comply with Appellant's request, but in fact never did have the interview. Upon retrial, if a proper and timely application is made, the court should comply with the statutory requirement.

The order of the trial court is reversed and the cause remanded for a new trial.