684 S.W.2d 746 (1984)
In the Matter of the Marriage of R.W.M., Jr., Appellant,
v.
J.C.M., and in the Interest of L.M.M. and R.W.M., III, Children, Appellee.
No. 13-83-462-CV.
Court of Appeals of Texas, Corpus Christi.
October 4, 1984.
Rehearing Denied November 1, 1984.
Dan R. Price, Lea & Price, Austin, for appellant.
*747 G. Rudolph Garza, Jr., Canales & Garza, Corpus Christi, for appellee.
Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

OPINION
NYE, Chief Justice.
This is an appeal from a trial court judgment denying a change in the designation of managing conservator of two children. The case involves a procedural question.
R.W.M. (appellant, the husband) and J.C.M. (appellee, the wife) were married in 1970. Two children were born during the marriage: a girl who was six years old and a boy who was four years old at the time of the modification hearing. Appellee wife was appointed managing conservator, pursuant to the decree of divorce entered in 1980. Both parties have now remarried. Appellee did not file a brief in this case.
On September 14, 1982, the husband filed his first amended motion to modify custody. He asserted in his motion that there were changes in circumstances since their divorce of such a material nature that it would be injurious to the children to have them remain with the appellee wife, and a change in custody would be an improvement for the children. The appellant presented testimony for three days to the trial court. After the husband rested his case, and before appellee presented any evidence or rested, the trial court granted appellee's motion for judgment. Appellant asserts in his sole point of error that the trial court erred in granting judgment for appellee at the close of his case. He argues that the evidence that he presented raised fact issues which would, in fact and law, support a modification of the conservatorship. Appellant contends that the granting of judgment after he rested would only have been proper if no issues of fact had been raised by the evidence. We agree and reverse the case for another trial.
It would only be proper for the trial court to grant appellee's motion for judgment at the close of appellant's case if an instructed verdict would have been proper if the case was tried before a jury. Kennedy v. Kennedy, 619 S.W.2d 409 (Tex. Civ.App.  Houston [14th Dist.] 1981, no writ). It is error to grant an instructed verdict or motion for judgment where the evidence and reasonable inferences raise a fact issue. Kirkwood v. Kirkwood, 663 S.W.2d 34 (Tex.App.  El Paso 1983, no writ); see Guthrie v. Ray, 556 S.W.2d 589 (Tex.Civ.App.  Dallas 1977, no writ); Allen v. Nesmith, 525 S.W.2d 943 (Tex.Civ. App.  Houston [1st Dist.] writ ref'd n.r.e., per curiam, 531 S.W.2d 330 (Tex.1975). An instructed verdict is proper only when no material fact issues have been raised. Kennedy v. Kennedy, 619 S.W.2d at 410.
In this case, the trial judge specifically stated that he chose to deny the modification, not because he found there was no evidence of a material change, but because the evidence was insufficient. The judgment recites that the plaintiff has failed to meet his burden of proving by a preponderance of the evidence that all three of the standards for modification under TEX. FAM.CODE ANN. § 14.08(c)(1) have been satisfied.
First, we must determine whether there was any evidence which raised a disputed issue of fact as to each of the elements appellant was required to prove to support modification. These elements are:
1. there was a change in the circumstances of the child or parent so material and substantial that
2. retention of the present managing conservator would be injurious to the welfare of the child; and
3. the appointment of a new managing conservator would be a positive improvement for the child.
TEX.FAM.CODE ANN. § 14.08(c)(1) (amended September 1, 1983);[1]Jones v. Cable, 626 S.W.2d 734 (Tex.1981).
*748 In Leonard v. Leonard, 218 S.W.2d 296, 301 (Tex.Civ.App.  San Antonio 1949, no writ), the Court, in discussing material change in circumstances, said:
"Material change of conditions which will require a modification of a decree as to the custody of a child is ordinarily such as (1) Marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar material change of conditions." (Citations omitted.)
Since Leonard, the Texas courts have expanded the list to include many additional aspects of a child's physical, mental, and moral well-being to be considered: moral and religious training, see T.A.B. v. W.L.B., 598 S.W.2d 936 (Tex.Civ.App.  El Paso 1980) writ ref'd n.r.e. Per Curiam, 606 S.W.2d 695 (Tex.1980); cert. denied, 454 U.S. 828, 102 S.Ct. 122, 70 L.Ed.2d 104 (1981); remarriage of a parent, together with other factors affecting the welfare of the child, see Dohrmann v. Chandler, 435 S.W.2d 232 (Tex.Civ.App.  Corpus Christi 1968, no writ); and emotional health of the child, see L.P.W. v. S.O., 669 S.W.2d 182 (Tex.App.  Fort Worth 1984, no writ); Jeffers v. Wallace, 615 S.W.2d 252 (Tex.Civ. App.  Dallas 1981, no writ).
The threshold inquiry is whether circumstances of the child have so materially and substantially changed since the divorce decree as to cause injury to the children. In re Y, 516 S.W.2d 199 (Tex.Civ.App.  Corpus Christi 1974, writ ref'd n.r.e.). A change in circumstances must be found first before the court examines the other two elements that would support modification, i.e., that the retention of the present managing conservator would be injurious to the child and that the appointment of a new managing conservator would be a positive improvement for the child. D.W.D. v. R.D.P., 571 S.W.2d 224 (Tex.Civ.App.  Fort Worth 1978, writ ref'd n.r.e.).
To determine if there is any evidence of all of these elements, we consider all of the evidence in its most favorable light in support of the appellant's position, disregarding all of the contrary evidence and inferences. Henderson v. Travelers Insurance Co., 544 S.W.2d 649 (Tex.1976); Guy v. Stubberfield, 666 S.W.2d 176 (Tex.App.  Dallas 1983, no writ); Cameron County Good Government League v. Ramon, 619 S.W.2d 224 (Tex.Civ.App.  Beaumont 1981, writ ref'd n.r.e.).
The appellant husband argues that there is evidence which shows that the children did not have a stable and secure environment under appellee's custody. The evidence at trial favorable to the appellant showed that, after the divorce, appellee moved the children from Corpus Christi to Houston in November 1981. She and the children first lived with her brother when they first moved to Houston. One month later, she and the children moved into her boyfriend's mobile home. Appellee wife testified that four months later she and the children moved back into her brother's home. She admitted that one of the reasons she left her boyfriend's home was because of the pending litigation.
Next, appellant contends that the appellee wife neglected the children's needs. Evidence was introduced by appellant at trial that showed that, since the divorce, the children had never been taken to a dentist and that they had visited the doctor only twice in 1982. Appellee wife testified that the younger child had a medical condition in which his thighs have grown inward. She testified that, during her separation from appellant, she took the child to a doctor once. She testified that she believed his legs were getting better but has not checked with a doctor since the initial visit during their separation. Both children have seen a counselor since the divorce. The appellee wife testified that the counselor told her that her older child had no self-image. According to the appellant and appellee, both children are afraid of meeting strangers. There was testimony that they are withdrawn and are afraid of being left alone. Appellee testified that the *749 younger child was developing disciplinary problems at school. There was also testimony elicited from the appellee to the effect that the children had no formal religious training. Appellee said she had not taken the children to church since she moved to Houston. The appellant, prior to filing his motion to modify custody, took the younger child to see a doctor because he had bruises on his right hip. A Dr. Erikson testified at trial that he asked the child how he had received the bruises, to which he responded that appellee's current husband "did it with his belt." He testified that the bruises were in a peculiar position to have been received from ordinary play or romping around. The doctor surmised that the child was to a minor extent physically harmed and that he appeared to have some psychological repercussions from the incident. Appellant also testified that this daughter has a problem of writing backwards, which he believed should be investigated medically. He testified that, beginning in January 1982, he began having problems visiting the children and was not able to see the children for eight weeks at one period of time.
There was testimony that appellee's boyfriend was not actually living with appellee immediately preceding the hearing, but was a frequent visitor and sometimes an overnight visitor in appellee's home. There was also evidence that they slept in the same bedroom when the children were in the home. Apparently, during the course of the modification trial which lasted several days, appellee married the boyfriend. Knowledge of this marriage was not before the court as evidence when he made his ruling, but was commented upon by appellee's attorney.
We conclude, after considering all of the evidence presented by appellant in the three-day trial, that such evidence raised a fact issue as to whether there was a change of circumstances since the divorce of such a material and substantial nature that the retention of the appellee as managing conservator would be injurious to the children.
Next, we consider all of the evidence to determine whether a fact issue is raised by the evidence regarding whether a change in the managing conservator would be a positive improvement for the children. Testimony of appellant and his wife was that they would have the children visit a doctor and a dentist regularly. There was testimony that the appellant had begun religious training of the children. Appellant's wife testified that she got along with the children very well. Appellant testified that he has opened his own veterinary practice and is doing very well financially. The appellant's home is in a rural setting. Examining the entire record, we find that there was ample evidence that would raise an issue of fact on whether a change of custody would be a positive improvement for the children.
In a non-jury trial, the trial judge occupies a dual role. He decides the law and weighs the evidence and determines the facts. An argument may be raised that a trial judge may decide the facts based only on plaintiff's evidence if he is not convinced that plaintiff has proved his case by a preponderance of the evidence when plaintiff rests his case. There are problems inherent in this procedure. In the course of a trial, a party, because of trial tactics, may not wish to call a defense witness as its own, but may rely on the other party calling the witness and gain valuable testimony through the time-honored method for testing a witness' credibility by cross-examination. For an example, in the case at bar, plaintiff's attorney wanted the testimony of appellee's husband. He was prohibited from calling him except as a hostile witness under the rules of evidence because he was not a party to the lawsuit.
Our system is an adversary system. This is so even when a case is tried to the court and not to a jury. A judge should have the benefit of all of the evidence before ruling. This is especially true when the plaintiff has established a prima facie case, as was done here. While judicial expediency might favor a judge deciding a case if he is not convinced the plaintiff has *750 proven his case by a preponderance of evidence, trial procedure and, above all, judicial fairness, favors a judge deciding the case based upon all of the evidence which both parties wish to present. The intermediate appellate courts have historically interpreted TEX.R.CIV.P., 262 to allow a trial judge in a non-jury case to grant judgment at the close of plaintiff's case only if no material issue of fact has been raised. Rule 262, as it is written and has been properly interpreted, is the best result for our judicial system.
Because the trial court is vested with a broad degree of discretion in matters of determining custody, we express no opinion on how these fact issues should be resolved upon retrial of all the evidence. This is especially true since the appellee has not presented any evidence in opposition to the evidence presented by the appellant. The trial judge was not at liberty to grant judgment for the appellee when the evidence presented raised issues of fact that would support modification on the part of the petitioner. See Guy v. Stubberfield; Kirkwood v. Kirkwood; and Guthrie v. Ray.
Appellant's point of error is sustained, and the judgment of the trial court is reversed and the cause is remanded for another trial.
SEERDEN, J., concurs.
GONZALEZ, J., dissents.
SEERDEN, Justice, concurring.
It appears that the rule stated in the above opinion is inconsistent with the modern trend and with the general purpose of the Texas Rules of Civil Procedure as reflected in Rule 1:
"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."
While it is understandable that in cases where the jury is the arbiter of the facts, the court, in considering whether to direct a verdict in favor of a defendant, should view the evidence in the light most favorable to the plaintiff and should indulge every reasonable inference in plaintiff's favor so as to allow the jury the widest discretion in resolving disputed issues, this is not necessarily true in a non-jury trial.
In a non-jury case, the judge occupies a dual role. He not only decides the law, but is the final arbiter of the facts. As stated by Justice Gonzalez in McDaniel v. Carruth, 637 S.W.2d 498 (Tex.App.  Corpus Christi 1982, no writ) at p. 504, "the judge occupied a dual position; he was the magistrate required to lay down the guiding principle of law and he was also the tribunal compelled to determine what the facts were. As such, the court occupied the same relation to the facts in the case as a jury would have if the case had been tried before a jury...." When the trial judge in a non-jury trial, after plaintiff has rested his case, has not been persuaded that plaintiff has met the burden of proving to him by a preponderance of what the judge believes to be credible evidence that plaintiff should prevail, why should the trial be prolonged? Plaintiff has had a full opportunity to be heard. Efficiency and proper administration militate in favor of the trial judge announcing his decision when plaintiff rests if the judge has not been persuaded.
Chief Justice Guittard stated as much in Guthrie v. Ray, 556 S.W.2d 589 (Tex.Civ. App.  Dallas 1977, no writ), when he said at p. 591:
"Perhaps a trial judge should have the power, when all of the plaintiff's evidence has been presented, to find the facts against the plaintiff without hearing evidence from the defendant. Conceivably he may do so if the record is clear that his decision is made on that basis...."
*751 Nevertheless, the rule stated in Chief Justice Nye's opinion is the traditional common law rule. The only guideline set forth in the Texas Rules of Civil Procedure is Rule 262, which provides that the rules in jury trials shall govern non-jury trials in so far as applicable.
The present Federal Rule 41(b) provides that a defendant in a non-jury case may move for dismissal at the close of plaintiff's evidence on the ground that the plaintiff has shown no right to relief in law or in fact. The trial court may then weigh the facts and give judgment for defendant or it may wait and give judgment after the close of all the evidence. The trial court may render judgment for defendant at the close of plaintiff's evidence even though plaintiff has established a prima facie case. Ellis v. Carter, 328 F.2d 573 (9th Cir.1964); See, C. Wright & A. Miller, Federal Practice and Procedure § 2371 (1971); Annot., 55 A.L. R.3d 272 (1974).
Federal Rule 41(b) has been amended twice. Originally, it made no distinction between jury and non-jury cases. In 1948, a sentence was added providing that the court could determine the facts in a motion to dismiss in a non-jury case. In 1963, it was further amended so that such a motion to dismiss is now available only in non-jury cases. See, C. Wright & A. Miller, Federal Practice and Procedure § 2371 (1971).
The Texas case cited in Chief Justice Nye's opinion makes no reference to any rule, nor does it give any satisfactory explanation as to why the rule announced therein should exist. TEX.R.CIV.P. 262 was adopted unchanged from former TEX. REV.CIV.STAT. art. 2176 (Repealed 1939). Nevertheless, the rule announced in Chief Justice Nye's opinion is the traditional common law rule. See, Annot. 55 A.L.R.3d 272. While it appears that the vast majority of state jurisdictions have adopted some version of Federal Rule 41(b) and while it appears that the Federal Rule is more consistent with the purpose set out in TEX.R. CIV.P. 1, Texas still follows the common law rule. Therefore, I agree that the case should be reversed and remanded for a new trial, but I question the propriety of the rule requiring this result.
GONZALEZ, Justice, dissenting.
I respectfully dissent. In a non-jury trial, when plaintiff rests his case, the trial judge has power to rule on the merits of the case. I would affirm the judgment of the trial court.
This was a bitterly contested change of custody case combined with competing motions for contempt of court. The ex-husband, appellant, initiated this action by filing a petition for change of custody in which he petitioned the trial court to replace his ex-wife, appellee, as managing conservator of the children. In his petition, he alleged that it would be injurious to the welfare of the children to leave them in the custody of their mother because of material changes in circumstances. The alleged changes were that the appellee had allegedly allowed her boyfriend to discipline the children in a "vicious and uncontrolled manner," that she and her boyfriend screamed at the children, and that she displayed poor parenting skills regarding the personal hygiene of the children. It was further alleged that the children were in danger because the boy friend was a reckless driver.
After three days of testimony, appellant rested his case regarding his change of custody motion. Appellee filed a written motion for judgment; and, after brief argument of counsel, the trial court said:
THE COURT: ... Mr. Garza, [appellee's attorney] I am going to grant your motion. I don't think there is anything that you could present that would convince me otherwise, unless your client got up and retracted everything she said in her testimony, and I don't think she's going to do that. I'd make the same decision at the end of the presentation of evidence. We might as well save everybody some time and do it now. I'm going to grant the motion made by Mr. Garza and deny the Motion to Modify. One of the other things I thought about a lot this weekend was what about the contempt? *752 I'm not sure it's going to do any good to impose anything on anybody. I think everybody admitted they violated the orders. I think they did it at a time when they were having a bitter controversy between the two of them, and that was the reason for it and there is nothing I can do to impose punishment on anybody that is going to change that attitude because it wasn't directed at or it was addressed at the other party.
MR. PRICE [appellant's attorney]: Your Honor, I'm sorry.
THE COURT: Go ahead.
MR. PRICE: Are you holding then that there is no evidence?
THE COURT: No, sir.
MR. PRICE: You're holding there is insufficient evidence?
THE COURT: I think it's insufficient, that at this point I would make  no matter what Mr. Garza said, no matter what Mr. Garza presented, unless it's some wild-haired thing that has happened, I would do the same thing at the end of the hearing.
MR. PRICE: You mean if Mr. Tolbert [appellee's boyfriend] were to get up and admit that he abused the children 
THE COURT: Now that would be different.
MR. PRICE: That's what we're talking about. Let me have a chance at that guy. I have been after him all week.
THE COURT: I don't think there is anything that could be presented that I haven't heard twice again that would change my opinion of the evidence. I think that the Motion to Modify should be denied.
MR. GARZA: Is that the ruling of the Court, your Honor?
THE COURT: Yes, sir.
As the record shows, the trial judge found the facts against the appellant without hearing evidence from appellee. If appellant wanted the trial court to hear Tolbert's testimony, he should not have waited to see if appellee was going to call him as a witness, but should have called him himself. There is no showing that appellant had subpoenaed Tolbert nor that he requested a continuance in order to secure his testimony.
In McDaniel v. Carruth, 637 S.W.2d 498 (Tex.App.  Corpus Christi 1982, no writ), we stated:
If, at the time appellants had rested their case, they had failed to prove all the elements of their cause of action, the appellee upon motion, would have been entitled to a judgment and thereby relieved of the burden of putting on "his side" of the case. This is so because, since the case was tried by the court without a jury, the judge occupied a dual position; he was the magistrate required to lay down the guiding principle of law and he was also the tribunal compelled to determine what the facts were. As such the court occupied the same relation to the facts in this case as a jury would have if the case had been tried before a jury. The judge was the trier of the facts and it was his duty to decide the issues of fact on the evidence and the court was not bound to adopt a party's contention as to the weight of the evidence. It was the court's right and duty to weight [sic] the evidence, and draw inferences and reasonable deductions therefrom. Further, it was the court's duty to determine the credibility of the witnesses and the weight to be given their testimony in exactly the same manner that a jury would have done. The court had the power to believe or disbelieve all or part of a witness' testimony.
637 S.W.2d at 504.
Chief Justice Guittard and my colleague Justice Seerden (in his concurring opinion) concede that this is or should be the rule.
"Perhaps a trial judge should have power, when all of the plaintiff's evidence has been presented, to find the facts against the plaintiff without hearing evidence from the defendant. Conceivably he may do so if the record is clear that his decision was made on that basis."
Guthrie v. Ray, 556 S.W.2d 589, 591 (Tex. Civ.App.  Dallas 1977, no writ).
*753 Appellant cites the cases of Guy v. Stubberfield, 666 S.W.2d 176 (Tex.App.  Dallas 1983, no writ), Kirkwood v. Kirkwood, 663 S.W.2d 34 (Tex.App.  El Paso 1983, no writ), and Guthrie v. Ray, 556 S.W.2d 589 (Tex.Civ.App.  Dallas 1977, no writ) for the proposition that it was error for the trial court to grant appellee's motion for judgment at the close of appellant's case. Chief Justice Nye agrees, adding the case of Kennedy v. Kennedy, 619 S.W.2d 409 (Tex.Civ.App.  Houston [14th Dist.] 1981, no writ).
When one examines these cases, one finds that the genesis for "the rule" is the Court of Civil Appeals' opinion on the motion for rehearing in Lorino v. Crawford Packing Co., 169 S.W.2d 235, 240 (Tex.Civ. App.  Galveston), aff'd, 142 Tex. 51, 175 S.W.2d 410 (1943). Today Chief Justice Nye and Justice Seerden join the ranks of those intermediate appellate courts which have blindly followed the court of civil appeal's opinion in Lorino. Our sister courts have seized on the Lorino language for no apparent reason but that the case was affirmed by the Supreme Court.
Before adopting such "precedent," I would point out that in Lorino it was only the judgment that was affirmed, and not the opinion on motion for rehearing of the Galveston Court of Civil Appeals where this particular "rule" was discussed. The Supreme Court did not address this issue when it affirmed Lorino on other grounds.
In our case, the trial court granted appellee's motion for judgment, and indicated that, after weighing the evidence, he was not convinced that appellant had met his burden in proving that there existed material and substantial changes in circumstances which would warrant a change of custody.[1] After this case was tried, the trial judge who presided over this case was defeated. Therefore, in my opinion, it is wrong to reverse the case and force the present trial judge to hear the case de novo when there has already been a merit determination by another judge that the changes in circumstances did not warrant modification of conservatorship. This impermissibly gives appellant "another bite at the apple" on identical facts. This is more so when the case is remanded to the same trial judge who originally heard the motion to modify. Under those circumstances, the trial judge who has already made up his mind once is instructed to do so again, but not until he or she hears the defendant's side of the story. This is such a waste of judicial resources and an unnecessary expense to the parties. This is neither reasonable nor logical and is not, nor should it be the law.
Even assuming for the sake of argument that the trial court did not have power to rule on the merits of plaintiff's motion after he rested his case, and that the defendant had a burden of coming forward with her evidence even though the trial judge had already made a decision on the merits, the case should not be reversed because of TEX.R.CIV.P. 434.[2] Furthermore, there has been no showing that the trial court abused its discretion. For all of these reasons, I would affirm the judgment of the trial court.
NOTES
[1] Act of June 19, 1975, Ch. 476, § 29 Tex. Sess.Law Serv. 1265 (Vernon), amended by Act of June 17, 1983, Ch. 424, § 9 Tex.Sess.Law Serv. 2365 (Vernon).
[1] The judgment recites that the plaintiff has failed to meet his burden of proving by a preponderance of the evidence that all three standards for modification under TEX.FAM.CODE ANN. § 14.08(c)(1) have been satisfied.
[2] "Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court...."