Ronald R. STEGMAN, D.O., Appellant,

v.

Irmgard W. CHAVERS, Appellee.

No. 05–84–01264–CV.

Court of Appeals of Texas, Dallas.

Aug. 14, 1985.

Rehearing Denied Oct. 16, 1985.

Harry A. Light, Charles A. Gall, Jenkens & Gilchrist, Dallas, for appellant.

Robert M. Greenberg, Greenberg, Benson, Fisk and Fielder, Dallas, for appellee.

Before SPARLING, ALLEN and MALONEY, JJ.

SPARLING, Justice.

Appellant Ronald Stegman and appellee Irmgard Chavers executed a written contract for the sale of Chavers' house to Stegman. By its own terms the contract was to terminate if Stegman, after every reasonable effort, could not obtain satisfactory financing within 180 days. Stegman did not apply for financing because he claims that Chavers' conduct excused his compliance with that contract provision. Chavers later repudiated the contract and Stegman brought this suit seeking either specific performance, damages for breach of contract, or repayment of money Stegman lent to Chavers in connection with this transaction.

At the close of Stegman's evidence in this non-jury proceeding Chavers' motion for judgment was granted. The trial court denied Stegman relief on his specific performance and breach of contract claims and awarded him judgment for the amount of his loans to Chavers. Stegman asserts that the trial court erred in granting Chavers' motion for judgment. We agree; accordingly, we affirm in part and reverse and remand in part.

■ In a non-jury trial, granting a defendant's motion for judgment at the close of the plaintiff's evidence is equivalent to granting a motion for instructed verdict in a jury case. *Guthrie v. Ray,* 556 S.W.2d 589, 591 (Tex.Civ.App.—Dallas 1977, no writ). Thus a motion for judgment is properly granted when an instructed verdict would have been proper had the case been tried before a jury. *Guy v. Stubberfield,* 666 S.W.2d 176, 178 (Tex.App.—Dallas 1983, no writ).

■ In reviewing an instructed verdict or a sustained motion for judgment, the appellate court must determine whether there is any evidence of probative force to raise fact issues on the material questions presented. *See Henderson v. Travelers Insurance Co.,* 544 S.W.2d 649, 650 (Tex. 1976); *Kirkwood v. Kirkwood,* 663 S.W.2d 34, 36 (Tex.App.—El Paso 1983, no writ). This court must consider all of the evidence in the light most favorable to the plaintiff, disregarding all contrary evidence and inferences. *Jones v. Tarrant Utility Co.,* 638 S.W.2d 862, 865 (Tex.1982); *Hender-*

*son,* 544 S.W.2d at 650; *Guy,* 666 S.W.2d at 178. If there is any probative evidence on any theory of recovery, that issue must be decided by the trier of facts. *Jones,* 638 S.W.2d at 865; *Kirkwood,* 663 S.W.2d at 35. Since we must accept the plaintiff's evidence as true under this standard, we must reverse and remand if the record contains any evidence that would support a judgment in favor of the plaintiff. *Guthrie,* 556 S.W.2d at 591. *See also Yarbrough v. Phillips Petroleum Co.,* 670 S.W.2d 270, 272 (Tex.App.—Houston [1st Dist.] 1983, no writ) (reviewing court must "liberally construe" evidence and "indulge every intendment in the plaintiff's favor and against the judgment").

■ A plaintiff asserting breach of contract must establish, *inter alia,* (1) the existence of the contract sued upon; (2) his compliance with the terms of the contract or that he was ready, willing, and able to comply but has a valid excuse for his nonperformance; and (3) the defendant's breach of the contract. *See Incorporated Carriers, Ltd. v. Crocker,* 639 S.W.2d 338, 340 (Tex.App.—Texarkana 1982, no writ); *Howell v. Kelly,* 534 S.W.2d 737, 740 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ).

## THE EXISTENCE OF A CONTRACT

■ Stegman and Chavers executed a written contract for the sale of Chavers' house to Stegman which was admitted into evidence. Since Chavers raised lack of consideration as a defense in the trial court, we note at the outset that a written instrument reciting a consideration imports one. *Buddy "L", Inc. v. General Trailer Co., Inc.,* 672 S.W.2d 541, 547 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Further, there exists a statutory presumption that all written contracts are supported by consideration. *U.S. Life Title Co. of Dallas v. Andreen,* 644 S.W.2d 185, 191 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Nothing in the record rebuts this presumption. The contract provides for Stegman to deposit with Chavers $6,000 as earnest money. Immediately above Chavers' signature on the contract the following words appear: "Receipt of $6,000.00 Earnest Money is acknowledged in the form of a check, personal, to be exchanged for a cashier's check." Stegman testified that after the execution of the contract he was advised to give the $6000 cashier's check to the title company rather than to Chavers, as provided in the contract. He stated that he informed Chavers of his intention, that she agreed to this oral change in the earnest money provision, and that he subsequently delivered the contract and a cashier's check for $6000 to the agreed title company. This testimony is undisputed. Nevertheless, Chavers now claims that "if there was such a modification then the contract between the parties then [sic] existed in parol." We disagree.

First, we point out that Chavers presented no evidence, thus the record contains only Stegman's statement that the modification did take place. Second, even if Stegman's testimony were contradicted in the record, we must ignore evidence unfavorable to Stegman under the established standard of review. *Jones,* 638 S.W.2d at 865. Thus for the purpose of this review, the oral modification was agreed to by both parties and is a part of their agreement. Further, we do not agree with Chavers that the contract between the parties is now oral as a result of the modification.

Oral contracts for the sale of land violate the Statute of Frauds, TEX.BUS. & COM. CODE ANN. § 26.01 (Vernon 1968); *First National Bank in Dallas v. Zimmerman,* 442 S.W.2d 674, 675 (Tex.1969), and are unenforceable except under certain circumstances not applicable to this case. *See, e.g., Sharp v. Stacy,* 535 S.W.2d 345, 347 (Tex.1976). Thus to heed Chavers' assertion would mean declaring the contract entirely unenforceable as an impermissible oral contract to convey land. On the other hand, it is well established that the strict performance of a contract which is required to be in writing may be waived or its terms extended *by oral agreement. Gulf Production Co. v. Continental Oil*

*Co.*, 139 Tex. 183, 164 S.W.2d 488, 491 (1942).

■ As the supreme court stated in *Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255, 257 (1955): "If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable." Here, as in *Garcia*, "[T]he subject matter of the contract has not been changed, but only the method of performing it," because "the modification did not constitute a change in the character or value of the consideration originally contracted for." 276 S.W.2d at 257. We hold that the parties' oral modification of the earnest money provision at most constitutes "a change of one incidental condition" relating to the payment of the agreed sum. 276 S.W.2d at 257; *see also Smith v. Hues*, 540 S.W.2d 485, 490–91 (Tex.Civ.App.—Houston [14 Dist.] 1976, writ ref'd n.r.e.). Accordingly, the written contract between Stegman and Chavers is not rendered invalid by the minor oral modification.[1]

## STEGMAN'S COMPLIANCE WITH THE CONTRACT TERMS

To prevail in the trial court Stegman must establish either that he has complied with the terms of the contract or that he was ready, willing and able to comply but has a valid excuse for not complying. *See Howell*, 534 S.W.2d at 740. The issue of Stegman's compliance is a question of fact.

■ Where the evidence and reasonable inferences raise a fact issue on any theory of recovery, that issue must be decided by the trier of facts, *Jones*, 638 S.W.2d at 865, and it is error to grant a motion for judgment. *Kirkwood*, 663 S.W.2d at 36. In examining the record for fact issues, we must accept the plaintiff's evidence as true and we cannot properly presume any fact finding by the trial court in support of the judgment. *Guthrie*, 556 S.W.2d at 591. Further, whether the evidence is sufficient to raise a fact issue is quite a different question than whether the evidence preponderates one way or the other. *Guthrie*, 556 S.W.2d at 591. As this court stated in *Guthrie:* "Sufficiency of the evidence to raise a fact issue turns on the legal effect of evidence assumed to be true rather than on the persuasiveness of evidence to the fact finder." 556 S.W.2d at 591. Accordingly, having examined the evidence, we conclude that a fact issue was raised regarding Stegman's excuse for nonperformance and that the evidence would support recovery by Stegman on at least one of his legal theories.

The contract required Stegman to apply for financing within 60 days and to "make every reasonable effort to obtain approval." Stegman did not apply for financing, thus he does not claim to have complied with all the contract terms. He claims instead that Chavers' conduct prevented his performance or excused his nonperformance.

Stegman testified that within a week after executing the contract he contacted "six or eight" companies about obtaining financing. Each of them told him he would have to submit an appraisal of Chavers' property, done by an independent approved appraiser, with his loan application, and that a loan application could not be processed or submitted to a loan committee for approval without the appraisal. Stegman said he told Chavers about this require-

---

1. Having held that the contract upon which this suit is based is written and that the subsequent oral modification did not cause the entire agreement of the parties to become an oral contract, we discuss only briefly Chavers' contentions in this regard. Based on her assertion that the contract underlying this suit is oral, Chavers contends that a fatal variance exists between Stegman's pleadings and proof because Stegman pleaded for recovery on a written contract "but proved an oral contract." Our holding renders moot discussion of this so-called fatal variance. However, Chavers also argues that the trial court's judgment is correct "based on this fatal variance." We do not agree with the implication that the trial court based its judgment on this alleged fatal variance. The judgment contains no language that would support such an inference, nor do we find support for it in the record.

ment but that she "refused to have an appraiser come on to the property." Chavers told Stegman that the Dallas County Appraisal District evaluation of her property "would suffice." Stegman tried to find a mortgage company that would accept the county appraisal and found that "not a single one of them" would submit that appraisal to its loan committee. Stegman offered to pay for the appraisal although the contract required Chavers to pay; Chavers responded that she "would not permit an appraiser on her property." Stegman testified that had Chavers permitted the appraisal to be made, he would "certainly, absolutely" have submitted an application for financing within 60 days.

Under the previously discussed standard of review which we must apply in this case, we must reverse and remand if we find that any evidence of probative force raises fact issues on the material questions presented. *Jones*, 638 S.W.2d at 865. Whether Stegman was excused from complying with the terms of the contract by Chavers' conduct is a material question; Stegman's evidence raises a fact issue on that question. Therefore, the trial court erred in granting Chavers' motion for judgment. We sustain Stegman's first and second points of error. In so doing, we hold only that material issues of fact have been raised by the evidence in the record before us. We express no opinion as to how the trier of fact is to resolve conflicts in the evidence upon retrial, nor do we imply that issues of fact discussed herein constitute the only such issues to be determined upon retrial.

Having sustained these two points, we do not address Stegman's remaining points, eighteen of which he concedes in his brief.[2]

The trial court awarded Stegman judgment for the amount of certain loans Stegman made to Chavers, attorney's fees and "sanctions" imposed by the trial court under a previous order. Neither Stegman nor Chavers challenges any part of the trial court's award to Stegman on appeal; hence we do not discuss or disturb that part of the judgment.

Accordingly, we affirm the portion of the trial court judgment in favor of Stegman and reverse and remand the remainder of the cause for a new trial in accordance with this opinion. Costs of this appeal are assessed against Chavers.

---

**2.** Eighteen points of error contained in Stegman's brief complain of the trial court's findings of fact and conclusions of law. However, as both parties agree, findings of fact and conclusions of law are inappropriate in a case where the trial court granted a motion for judgment at the close of the plaintiff's case. "When a trial court sustains a defendant's motion for judgment at the close of the plaintiff's case he does not act the role of a fact finder, and he has no authority to make any findings of fact....

Therefore, any purported fact finding made by the trial court at that stage of the proceeding is without legal significance on appeal." *Yarbrough*, 670 S.W.2d at 272. *See also Cox v. Rhodes*, 233 S.W.2d 924, 926 (Tex.Civ.App.—El Paso 1950, no writ) (fact findings by the trial court in such circumstances "are not entitled to a feather's weight"). Consequently, we have neither read nor considered the trial court's findings and conclusions in this case.