NO. 12-03-00140-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WANDA ALLEN, TRUSTEE
§
 APPEAL FROM THE 392ND

OF THE ALTON E. ALLEN

REVOCABLE LIVING TRUST,

APPELLANT

§
 JUDICIAL DISTRICT COURT OF

V.


SHAWNYE KING,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Wanda Allen ("Allen"), Trustee of the Alton E. Allen Revocable Living Trust,
appeals the trial court's judgment in favor of Appellee, Shawnye King ("King"). Allen raises one
issue on appeal, asserting that the remedy for default that is stated in the contract is not an exclusive
remedy. We reverse and remand. 


Background The Alton Allen Insurance Agency (the "Agency") was an ongoing business both prior to and
after Alton Allen's death. King worked for Alton Allen at the Agency as an insurance clerk and
continued working at the Agency after his death. King made an offer to purchase the Agency. She
proposed a purchase price of $94,200.00, to which Allen agreed. Accordingly, Allen and King
entered into a contract of sale. The purchase price was to be paid in semi-monthly installments of
$1,331.42 each for forty-two months. Payments were due on the fifth and the twentieth day of each
month, with the first installment due on November 5, 1998.

 King made timely payments for over a year. In December 1999, she informed Allen that she
was unable to make the December payments. Allen allowed her to add the December payments to
the end of the payment schedule. King then made payments from January through March 2000. She
also made the first payment due in April. King then wrote a letter to Allen stating she would
thereafter pay only $1,000.00 a month. Allen responded by letter that she expected King to pay
according to their original contract. King made no further payments. Allen sent another letter to
King in August 2000, reminding her that she was still bound by the terms of the contract. In October
2000, Allen personally visited King at the insurance agency. King advised Allen she would not be
making any further payments, and asked her to leave her office.

 Allen brought this suit claiming damages for breach of contract. She sought judgment for
the remainder of the contract balance of $61,631.23, (1) plus pre-judgment and post-judgment interest,
attorney's fees, costs of suit, and any other relief to which she was entitled. At trial, the parties
stipulated that Allen was the trustee of the trust, and that the contract admitted into evidence was the
contract in question entered into by Allen and King, and was binding on the parties. Allen presented
her case outlining the above facts. After Allen rested, King moved for a judgment (2) in her favor. 
King's motion was based on the portion of the contract labeled "Default":


 1.08 It is understood that if Purchaser defaults in the payment of any installment,
Purchaser shall have up to 30 days following the due date of any such installment
in which to cure the default. However, if Purchaser does not cure the default within
the 30-day period, then on the 31st day following the due date of the unpaid
installment, this agreement shall terminate and be void.


 1.09 Seller may waive such termination after default and thus give Purchaser more than
the 30-day period in which to cure the default. However, it is understood that any
such waiver and extension of an opportunity to cure shall not operate as a like
waiver and extension following any later default and shall not obligate Seller to
grant such a waiver and extension in the event of any later default.



King argued that, based on the wording of section 1.08, the contract terminated upon her default and
was void. The trial court agreed and granted King's motion for judgment. Allen timely filed a
notice of appeal. On appeal, Allen argues that the trial court erred in granting the judgment because
she is not limited solely to the remedy stated in the contract. Therefore, she asserts, she is entitled
to recover damages for King's breach.


Motion for Judgment


Standard of Review

 A motion for judgment is proper where, in a bench trial, the movant is entitled to judgment
as a matter of law. See Kirkwood v. Kirkwood, 663 S.W.2d 34, 35-36 (Tex. App.-El Paso 1983, no
writ). The correct standard of review for a motion of judgment is the same as a motion for directed
verdict in a jury trial. See Gibraltar Sav. Ass'n v. Watson, 624 S.W.2d 650, 652 (Tex. App.
-Houston [14th Dist.] 1981, no writ). We review a trial court's directed verdict de novo. Graham
v. Atl. Richfield Co., 848 S.W.2d 747, 750 (Tex. App.-Corpus Christi 1993, writ denied). A
directed verdict is proper when (1) a defect in the opponent's pleadings makes them insufficient to
support a judgment, (2) the evidence conclusively proves a fact that establishes a party's right to
judgment as a matter of law, or (3) the evidence offered on a cause of action is insufficient to raise
an issue of fact. Edlund v. Bounds, 842 S.W.2d 719, 723-24 (Tex. App.-Dallas 1992, writ denied). 
The directed verdict will be sustained only where the evidence establishes the movant's right to the
directed verdict with such certainty that reasonable minds could not differ. Jones v. Tarrant Util.
Co., 638 S.W.2d 862, 865 (Tex. 1982). 

 Here, the dispute was the meaning of a contractual provision. Contract construction is a
question of law for the court and one that an appellate court will review de novo. See Fox v. Parker,
98 S.W.3d 713, 719 (Tex. App.-Waco 2003, pet. denied). When construing the contract, our
primary concern is to ascertain and give effect to the parties' intentions as expressed in the contract. 
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). To ascertain the intent of the parties, we must
examine the entire instrument and give effect to all the provisions so that none will be rendered
meaningless. Id. No single provision, when read alone, should control. Id. When conducting a de
novo review, the appellate court exercises its own judgment and redetermines each legal issue, giving
no deference to the trial court's decision. Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).

Applicable Law and Discussion

 To prevail on a breach of contract claim, a plaintiff must prove (1) a valid contract existed,
(2) the plaintiff performed, (3) the defendant breached the contract, and (4) the plaintiff suffered
damages as a result of the breach. Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex.
App.-Houston [1st Dist.] 1997, no writ). Remedies provided in a contract may be permissive or
exclusive. Pelto Oil Corp. v. CSX Oil & Gas Corp., 804 S.W.2d 583, 586 (Tex. App.-Houston [1st
Dist.] 1991, writ denied). The mere fact that the contract includes a particular remedy does not mean
that such remedy is exclusive. Id.; Bifano v. Young, 665 S.W.2d 536, 539 (Tex. App.-Corpus
Christi 1983, writ ref'd n.r.e.). Furthermore, courts should not construe a remedy specified in the
contract as exclusive unless the parties have indicated or declared clearly their intent that it be
exclusive. Vandergriff Chevrolet Co. v. Forum Bank, 613 S.W.2d 68, 70 (Tex. App.-Fort Worth
1981, no writ).

 In the instant case, Allen showed (1) she and King entered into a valid contract, (2) Allen
performed her obligations under the contract, (3) King breached the contract, and (4) as a result of
King's breach, Allen suffered damages. The "Default" section of the contract expressly affords
Allen two alternative remedies upon King's default: (1) termination of the contract, or (2) the right
to waive the default and allow King an opportunity to cure. Thus, the plain language of the contract
does not support King's argument that termination is Allen's sole remedy. Furthermore, our
examination of the contract reveals no other language relating to the specified remedies or any
language indicating that the parties intended those remedies to be exclusive. Therefore, we cannot
conclude that the parties intended the specified remedies to be the exclusive remedies available upon
King's default. Consequently, Allen is not limited to the specified remedies and has the right to
maintain an action for the damages resulting from King's breach. The trial court erroneously granted
King's motion for judgment because she did not prove a right to judgment as a matter of law. 
Accordingly, Allen's sole issue is sustained.


Conclusion Having sustained Allen's sole issue, the trial court's judgment is reversed and this cause is
remanded to the trial court for further proceedings.



 DIANE DEVASTO 

 Justice



Opinion delivered February 11, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
































(PUBLISH)
1. This is the balance due as of April 5, 2000, not including accrued interest.
2. The parties waived a jury in this case, opting for a bench trial. King's attorney initially moved for
judgment at trial after Allen rested her case. However, the court and the attorneys later referred to the request as a
motion for directed verdict. While motions for directed verdict are appropriate in jury trials, motions for judgment
are appropriate in nonjury trials. See Ashcreek Homeowner's Ass'n, Inc. v. Smith, 902 S.W.2d 586, 587 (Tex.
App.-Houston [1st Dist.] 1995, no writ). Therefore, because this was a trial before the bench, we consider the
motion as a motion for judgment.