**CHURCH OF LIFE, Appellant,**

v.

**Steve ELDER, Appellee.**

No. 8023.

Court of Civil Appeals of Texas, Beaumont.

Feb. 9, 1978.

Larry W. Bass, Houston, for appellant.

Charles W. Boyd, Conroe, for appellee.

DIES, Chief Justice.

Curtis L. Mason and wife gave a promissory note to a Hempstead bank, in exchange for a loan, secured by a first lien on property in Waller County. This lien was subsequently transferred to Steve Elder, appellee herein.

Thereafter the Masons borrowed money from appellant Church of Life, giving it a promissory note and a second lien on the same property.

The Masons were in default on both notes, and in January 1976 Elder's trustee foreclosed, and Elder purchased the property at the sale. The Church of Life was not represented at the sale. So, its second lien was extinguished. It then brought this suit below contending inter alia that it had an agreement with Elder to buy his lien or sell its second lien; that this was a binding contract reached before the sale and Elder's breach, and fraud was the reason it (appellant Church of Life) was not represented at the sale. Trial was to the court without a jury who gave judgment to Elder and from which the Church of Life perfects this appeal.

We are met at the threshold with appellant's contention that the trial court granted a motion at the conclusion of plaintiff's evidence (for defendant-appellee-Elder) which was the legal equivalent of granting a motion for an instructed verdict in a jury trial. And therefore, upon review, we must presume to be true the evidence of the plaintiff (appellant Church of Life), who is entitled to the most favorable construction of such evidence as will properly bear, and is entitled to the benefit of all reasonable inferences arising therefrom, citing *Lorino v. Crawford Packing Co.*, 169 S.W.2d 235 (Tex.Civ.App.—Galveston 1943), affirmed, 142 Tex. 51, 175 S.W.2d 410 (1943), and *Rhinetubes, Inc. v. Norddeutscher Lloyd*, 335 S.W.2d 269 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.). See also the recent case of *Allen v. Nesmith*, 525 S.W.2d 943, 945 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e., 531 S.W.2d 330), and the many authorities cited therein.

It is true that the trial court in our case granted judgment for the defendant—on his motion—when the plaintiff (Church of Life) rested its case. However, the case was fully developed, and defendant Elder (appellee) was called for cross examination by plaintiff's (Church of Life) attorney. The court then had before him both versions of the conversations between plaintiff (Church of Life) and defendant Elder concerning the agreement or lack of one for the two lienholders to buy or sell to the other. While we have been unable to find precise authority when this situation occurs, it would seem logical to us to apply the rules of *Cortez v. Cortez*, 457 S.W.2d 131 (Tex.Civ.App.—San Antonio 1970, no writ), and *Williams v. Cooper*, 504 S.W.2d 564 (Tex.Civ.App.—Eastland 1973, no writ), that a trial court's findings of fact will be upheld on appeal unless manifestly erroneous and overruled by an appellate court only when they are not supported by any evidence of probative value or are so against the great weight and preponderance of the evidence as to be manifestly wrong. Where there is such evidence, the findings of the trial court are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion.

All of appellant's points of error urge that the following findings and conclusions by the trial court are supported by no evidence or are against the great weight and preponderance of the evidence: that there was no agreement or contract between plaintiff (Church of Life) and defendant (Elder) in regard to the property; that there were no fraudulent misrepresentations made by defendant (Elder) to plaintiff (Church of Life) in regard to the property.

In passing on no evidence points we consider only the evidence and inferences therefrom which tend to support the judgment and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A contention

that the evidence is against the great weight and preponderance of the evidence directs us to all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

It is quite true, as appellant Church of Life argues, that its representative, Rinyu, emphatically affirmed that he and Elder (appellee and first lienholder) had an agreement that one or the other would buy the other lien. But, the court also heard that Rinyu was a Houston mortgage broker who knew the effect a foreclosure by Elder would have on Church of Life's second lien. Rinyu knew the date, time, and place of the foreclosure sale. Elder just as emphatically denied any agreement was ever made by him and Rinyu. In a nonjury case, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony, and his findings carry the same weight as jury findings. *Central National Bank v. Booher*, 557 S.W.2d 563 (Tex.Civ.App.—Beaumont 1977, writ filed). All of appellant's points are overruled. The judgment of the trial court is affirmed.

AFFIRMED.