Ann Standley KENNEDY, Appellant,

v.

James Wayne KENNEDY, Appellee.

No. A2634.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 27, 1981.

Rehearing Denied July 8, 1981.

Michael P. Mallia, Houston, for appellant.

Earle S. Lilly, Pero & Lilly, Houston, for
appellee.

Before J. CURTISS BROWN, C. J., and
COULSON and JUNELL, JJ.

COULSON, Justice.

This is an appeal from a take-nothing
judgment in a breach of contract action
brought by Appellant against her former

husband for the alleged breach of a provision of the property settlement agreement entered into by the parties incident to divorce in December of 1975. Appellant alleged that Appellee breached the agreement by failing to pay income taxes due with respect to income earned by him in 1975. Appellant alleged in the alternative that the provision of the settlement agreement, at issue in this suit, was ambiguous and that the parties intended that each should file a separate income tax return and pay taxes due on all of the income actually earned by that party in 1975.

Trial was to the court. Upon conclusion of the presentation of Appellant's case, Appellee moved for an instructed verdict which may be construed as a motion for judgment. Appellee's motion was granted and a take-nothing judgment was entered.

Appellant urges two points of error. Appellant first complains that the trial court erred in excluding parol evidence concerning the actual intent of the parties regarding the payment of 1975 taxes. Appellant complains in her second point of error that the court erred in granting the motion for judgment in that there was evidence to support Appellant's case.

The provision of the property settlement agreement at issue in this case reads in pertinent part as follows:

"Each of the parties shall file separate income tax returns for 1975 and thereafter and shall pay all taxes due with respect thereto."

Appellant filed a return and paid taxes due on all special community income actually earned by her in 1975. Appellee filed a return and paid taxes due on one-half of the special community income earned by him in 1975.

■ Findings of fact and conclusions of law were neither requested nor filed. Therefore Appellee would have us apply the rule that in the absence of findings of fact, and conclusions of law and of any request for them every issuable fact must be presumed to have been found in support of the judgment. We do not agree. In a non-jury trial, where defendant moves for judgment at the close of plaintiff's case, the trial court may grant such motion if a motion for instructed verdict would have been proper were the case tried before a jury. *Casey v. Sanborn's, Inc. of Texas*, 478 S.W.2d 234 (Tex.Civ.App.—Houston [1st Dist.] 1972 no writ). An instructed verdict is proper only when no material fact issues have been raised. The evidence presented must be viewed in the light most favorable to the plaintiff and every reasonable inference indulged in the plaintiff's favor. *Anderson v. Moore*, 448 S.W.2d 105 (Tex.1969); *Air Conditioning, Inc. v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952).

■ First with respect to Appellant's contention that the disputed provision is ambiguous, we hold that the terms of the disputed provision are clear and precise. Each of the parties agreed to file a separate return for 1975 and pay taxes due with respect to that return. The law with respect to Federal income tax liability is also plain. The liability of Appellant to pay income taxes on one-half of all the community income earned by both parties up to the date of divorce is fixed and definite. The Appellant had no option; she must file a return on one half of the total community income earned in 1975 prior to the date of divorce. *See Kimes v. Commissioner*, 55 T.C. 774 (1971).

■ Concerning Appellant's contentions regarding the admissibility of the parol evidence offered, it is well established that parol evidence is not admissible to create an ambiguity in a contract. *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941). The provision at issue is clear and unambiguous. Appellant's first point of error is overruled.

■ We do, however, find that a material issue of fact has been raised by the evidence in the record before us. It is undisputed that Appellee failed to include in his return one-half the earnings of Appellant in 1975. Failure to do so is clearly a breach of the property settlement agreement. Therefore, Appellant's second point of error is sustained.

The judgment of the court below is reversed and the case remanded for a new trial.