Randall YARBROUGH, Appellant,

v.

PHILLIPS PETROLEUM COMPANY, Appellee.

No. 01–82–0218–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 28, 1983.

Rehearing Denied June 23, 1983.

Shirley M. Helm, Houston, for appellant.

J. Scott Crothers, Houston, for appellee.

Before DOYLE, WARREN and PRICE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a judgment granted by the trial court in favor of the appellee Phillips Petroleum Company (Phillips), upon its motion filed after the appellant had rested his case. Appellant's motion for rehearing was denied and judgment was entered for the appellee.

The appellant was employed as a pipefitter and rigging helper by Fish Construction Company (Fish), a contractor for Phillips. On the night of December 11, 1979, the appellant sustained a foot injury when he, his co-worker Eddie Roberts, and other Fish employees were lifting a 20-foot long section of pipe using a "cherry picker" supplied by Phillips. This machine usually hoisted a basket capable of carrying one or more individuals to work at various heights. The workers rigged the pipe for lifting by wrapping wire chokers around the pipe and attaching them to the cherry picker, which was then used to lift the pipe.

Once the pipe had been lifted about four feet, the appellant checked the rigging. While he was thus checking, the pipe fell and injured his foot. The appellant was taken to a hospital in Pasadena and treated for his injuries.

Eddie Roberts, a Fish employee who was operating the cherry picker at the time of the accident, testified that the cherry picker was owned by Phillips, but that Phillips had assigned it to Fish to be used at night. Both Roberts and the appellant testified that they were aware of a broken hook on the cherry picker, but neither reported it to Fish or Phillips. The appellant and the other pipefitters had successfully lifted two

sections of pipe that night before the accident occurred. The appellant and Roberts testified that by using a shackle, the accident could, in their opinion, have been prevented, but no one attempted to find a shackle or use one before beginning to lift the pipe. Furthermore, no one attempted to use the procedure known as "mousing," i.e., wrapping wire around the hook to cover the eye of the hook when there is no latch. Later that night, after the accident, the other pipe fitters continued to use the cherry picker with the broken latch to successfully lift pieces of pipe.

At the outset we deem it important to discuss the action of the trial court in arriving at its judgment. At the close of the appellant's evidence, the appellee requested a motion for judgment which the court granted. In response to the appellant's request, the court filed findings of fact and conclusions of law.

The appellee's briefs and the appellant's supplemental brief seem concerned with the question of whether the trial court, in this non-jury case, had treated the appellee's motion for judgment as if it were a motion for a directed or instructed verdict.

In *Goodale v. Goodale*, 497 S.W.2d 116 (Tex.Civ.App.—[1st Dist.] 1973, writ ref'd n.r.e.), this court recognized rule that "in determining the propriety of a judgment rendered for the defendant at the conclusion of the plaintiff's case in a non-jury trial, the same standard should be used as would be applicable to a motion for an instructed verdict in a jury case."

■ Thus, at that stage of the proceedings, the trial court is limited to a consideration of whether the evidence is legally sufficient to raise an issue of fact on each element of the plaintiff's case. If the trial court grants a preemptory judgment for the defendant at that time, the reviewing court must accept as true all evidence, which when liberally construed in the plaintiff's favor, tends to support his contention, and must indulge every intendment in the plaintiff's favor and against the judgment; thus, the court must ignore all contradictory evidence favorable to the

defendant. *Allen v. Nesmith*, 525 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.]) writ ref'd n.r.e. Per Curiam, 531 S.W.2d 330 Tex.1975; *Goodale, supra.*

■ When a trial court sustains a defendant's motion for instructed verdict at the close of the plaintiff's case, he does not act in the role of a fact finder, and he has no authority to make any findings of fact. *Bayou Drilling Company of Texas v. Baillio*, 312 S.W.2d 705 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.). Therefore, any purported fact finding made by the trial court at that stage of the proceeding is without legal significance on appeal. *Ditto v. Ditto, Inv. Co.*, 157 Tex. 104, 309 S.W.2d 219 (1958). This rule is emphasized in *Cox v. Rhodes*, 233 S.W.2d 924 (Tex.Civ. App.—El Paso 1950), wherein the reviewing court opined that fact findings by the trial court, under such circumstances, "are not entitled to a feather's weight."

We have noted the appellee's reliance on *Church of Life v. Elder*, 564 S.W.2d 111 (Tex.Civ.App.—Beaumont 1978, no writ) for the proposition that when a plaintiff's initial presentation of evidence has fully developed the parties' respective versions of the transaction in dispute, the trial court's ruling on a defendant's preemptory motion for judgment may be reviewed as though a fact finding determination had been made.

■ The Beaumont Court of Appeals in *Church of Life*, did not explain the basis for its conclusion that the record was "fully developed," at the close of the plaintiff's case, except to say that both parties had testified and had given their respective versions of the transaction. In the case before us, the record was not fully developed and the trial court was not authorized, at the close of the appellant's case, to make any factual determination of the merits of the case, unless, at that time, the parties had indicated, in some affirmative manner, that all evidence on the merits of the case had been presented.

The appellant has raised several points of error collectively complaining of the find-

ings of the trial court on the issues of negligence and proximate cause. By supplemental point of error, he declares that the trial court erred in granting an instructed verdict for the defendant at the close of plaintiff's case. We sustain this point of error for the foregoing reasons. It thus becomes unnecessary to consider the appellant's remaining points.

The judgment of the trial court is reversed and the case is remanded for a full development of the evidence in a trial on the merits.

PRICE, J., not participating.