WEST OSO INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

PAISANO MINERALS, INC., Appellee.

No. 13–82–217–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Kent M. Rider, Joseph & Rider, Roger Dale Linebarger, Calame, Linebarger & Graham, Austin, for appellant.

Robert R. Miller, David M. Coover, Jr., Coover & Coover, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This case involves the application of the doctrine of res judicata in a tax suit. The trial court granted the taxpayer's motion for summary judgment. We affirm.

■ A brief discussion of the prior suit between the parties is necessary to place the present dispute in perspective. In April 1978, in the 319th District Court of Nueces County, Texas, Cause No. 78–1528–G, West Oso Independent School District v. Paisano Minerals, Inc. and Tishken Products, Inc., (hereinafter called first suit), the school district brought suit against the defendant-appellee seeking back taxes on an airplane. In that suit, when the testimony of the tax assessor collector established that the airplane was assessed to one "Edwin Singer, d/b/a Paisano Minerals," counsel for defendant moved for an "instructed verdict" on the basis that Singer was not a party.[1] The court granted the motion and a take nothing judgment against the school district was entered. No appeal was taken and this became a final judgment which has not been set aside.

Thereafter, the school district reassessed the same airplane for the same taxable year, this time in the name of Paisano Minerals, Inc., and, on May 8, 1980, the school district filed a second suit against Paisano. As an affirmative defense, Paisano pled that the first judgment was res judicata. Both sides filed motions for summary judgment and the trial court granted Paisano's motion. The school district perfected this appeal.

■ In its first point of error, the school district alleges that the decision in first suit is not res judicata to the second suit. It argues that we should look beyond the pleadings and the judgment of the first suit and examine the record of the first suit to determine the basis on which the trial court granted the judgment. This we refuse to do as it would amount to an impermissible collateral attack of the judgment.

■ In *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971) the Supreme Court wrote:

> The Latin phrase "res judicata" means that the matter has been adjudged; a thing judicially determined; or a matter settled by judgment. The principle of res judicata is an old one founded upon public policy. Its function is to expedite justice by putting an end to litigation and to preserve the sanctity of judgments. As relevant here, an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. (citations omitted.) Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried."

*See also Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 21 Tex.Sup.Ct.J. 259 (1983). The doctrine of res judicata is applicable where each of the following elements exists: identity of parties, issues, subject matter, relief sought, and cause of action. *Oak Lawn Preservation Society v. Board of Managers,* 539 S.W.2d 167, 169 (Tex.Civ.App.—Dallas 1976, no writ); *Lozano v. Patrician Movement,* 483 S.W.2d 369, 371 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.).

Examining the defendant's motion for summary judgment and comparing the

---

1. As we noted in *McDaniel v. Carruth,* 637 S.W.2d 498, 503 and 505, (Tex.App.—Corpus Christi 1982, no writ) a judge does not instruct himself to render a verdict. He might, in a proper case, instruct a jury but in a judge tried case, after the plaintiff rests, the proper motion is a motion for judgment, not for an instructed verdict.

pleadings in the first suit with those in the second suit, we find that not only are the parties and the airplane sought to be taxed identical, but also the cause of action and the relief sought are the same. We are left then with determining the issues in both cases. We agree with appellee's brief that the issue in each case was whether Paisano Minerals, Inc. owed to West Oso Independent School District delinquent personal property taxes assessed in 1977 in the amount of $4,527.60.

In *State v. Sunray DX Oil Co.,* 503 S.W.2d 822, 827–28 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.), the Court wrote:

> The doctrine of res judicata operates to preclude a litigant from relitigating an issue which has been previously raised or could have been raised and decided against him. The effect of the rule is to bring about a finality to a claim or demand in controversy, including parties in privity with them, not only as to matters which were offered and received to sustain or defeat a claim or demand, but as to any other admissible matter which might have been offered for that purpose.

■ In *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97, 98 (1894), the court wrote that "an issue is the question in dispute between parties to an action, and, in the courts of this state, that is required to be presented by proper pleadings." Appellant, by bringing suit, placed in question the issue of who owed the delinquent taxes, if any, on the airplane. The record shows that in both suits plaintiff alleged the property was duly and legally rendered and assessed, that defendants were the lawful owners, and that delinquent taxes were due, owing, and unpaid. We therefore hold that the take nothing judgment is res judicata of those issues, for even if no evidence to support one of the above issues was introduced, these were issues that could have been readily litigated. *See also Coulson v. City of San Angelo,* 286 S.W.2d 202

(Tex.Civ.App.—Austin 1956, writ ref'd n.r. e.).

That the school district was unprepared and unable to show Paisano had been duly assessed in the first suit will not prevent the application of the res judicata doctrine.

> When a party passes by his opportunity, the law will not aid him. In *Ewing v. McNairy,* 20 Ohio St. 315 at 322, the judge says: "By refusing to relieve parties against the consequence of their own neglect, it seeks to make them vigilant and careful. On any other principle, there would be no end to an action, and there would be an end to all vigilance and care in its preparation and trial."

*Freeman,* at p. 100. *See also Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971).[2]

We are mindful of the line of cases that hold that when taxes are declared void by a court, that the right of the taxing authority to reassess and collect the proper tax is not prejudiced. *See Alamo Barge Lines, Inc. v. City of Houston,* 453 S.W.2d 132 (Tex.1970); *Republic Insurance Co. v. Highland Park Independent School District,* 141 Tex. 224, 171 S.W.2d 342, 344 (1943); *French Independent School District v. Howth,* 134 Tex. 211, 134 S.W.2d 1036, 1038 (1940). These cases are distinguishable from our case in that in our case the taxes were not declared void nor were they left off the tax rolls. Appellant's first point of error is overruled.

By overruling appellant's first point of error, we necessarily overrule its second which was that the trial court erred in failing to render judgment on its claim.

The judgment of the trial court is AFFIRMED.

---

**2.** We note that at any time before plaintiff had rested, it could have taken a non-suit. Tex.R.

Civ.P. 164.