**William Edward GUY, Jr., Appellant,**

v.

**Brenda Kay STUBBERFIELD, Appellee.**

**No. 05–82–01167–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 2, 1983.

---

1. Effective April 1, 1984, this amount has been raised to $1,000.00.

**178**

Jack M. Anthony, Dallas, for appellant.

John Neuhoff, Jr., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Appellant, William Edward Guy, by motion to modify in suit affecting the parent-child relationship sought to be appointed managing conservator of a child born to him and appellee, Brenda Kay Stubberfield. Stubberfield by counter-petition sought an order requiring Guy to make periodic payments to her for the support of the child. The trial court granted Stubberfield's motion to dismiss Guy's motion to modify and ordered Guy to pay Stubberfield child support. We conclude that material issues of fact have been raised by the evidence on Guy's motion to modify. We conclude also that there was no evidence to support the award of child support. Accordingly, we reverse and remand.

### The Motion to Modify.

■ In his first point Guy contends that the trial court erred in instructing a verdict denying his motion to modify. Trial was to the court. Upon conclusion of Guy's case, Stubberfield moved to dismiss Guy's motion to modify which may be construed as a motion for judgment. *See Kennedy v. Kennedy*, 619 S.W.2d 409, 410 (Tex.Civ.App.—Houston [14th Dist.] 1981,

no writ). As so construed, Stubberfield's motion for judgment was granted. Although findings of fact and conclusions of law were neither requested nor filed, we may not apply the rule that every fact at issue must be presumed to have been found in support of the judgment. In a non-jury trial, where defendant moves for judgment at the close of plaintiff's case, the trial court may grant such motion if a motion for instructed verdict would have been proper were the case tried before a jury. *Kennedy*, 619 S.W.2d at 410; *Casey v. Sanborn's Inc. of Texas*, 478 S.W.2d 234, 236 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). An instructed verdict is proper only when no material fact issues have been raised. The evidence presented must be viewed in the light most favorable to the plaintiff and every reasonable inference indulged in the plaintiff's favor. *Anderson v. Moore*, 448 S.W.2d 105 (Tex. 1969); *Air Conditioning, Inc. v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422, 425 (1952); *Kennedy*, 619 S.W.2d at 410.

Accordingly, we must consider whether three material issues of fact have been raised by the evidence in the record before us. TEX.FAM.CODE ANN. § 14.08(c) (Vernon Supp.1982–1983) provides in pertinent part:

> After a hearing, the court may modify an order or portion of a decree that:
>
> (1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child;

Thus, in determining whether the trial court erred in dismissing Guy's motion to modify we must determine if the evidence raised material issues of fact as to whether (1) the child's circumstances had so materially and substantially changed since Janu-

ary 23, 1980, that (2) retention of Stubberfield as managing conservator would be injurious to the child's welfare and (3) appointment of a new managing conservator would be a positive improvement for the child.

The child was born out of wedlock on January 14, 1980. On January 17, 1980, Guy filed his original legitimation of a child seeking to be declared the legitimate father of the child and the child to be his legitimate child. Stubberfield, as the child's natural mother, consented to the legitimation of the natural father, Guy. On January 23, 1980, the district court rendered its decree of legitimation declaring Sabrina Nicole Stubberfield to be the legitimate child of Guy and Guy to be Sabrina's parent and appointing Stubberfield managing conservator of Sabrina. Sabrina's name was ordered changed to Sabrina Nicole Guy. On March 2, 1982, Guy filed his motion to modify seeking to be appointed managing conservator.

 First, we consider whether the evidence raised a fact issue as to whether there had been a material and substantial change in Sabrina's circumstances since rendition of the legitimation decree. In the present case there is evidence that at the time the legitimation decree was rendered Guy and Stubberfield were operating under, and abiding by, an agreement between them that predated Sabrina's birth whereby they each had the custody of Sabrina for fifty percent of the time with Sabrina's expenses to be shared equally. Stubberfield abided by this agreement until February, 1982, at which time she informed Guy that "she consulted a lawyer and she did not have to honor the agreement, that it wasn't worth the paper it was written on and if [he] tried to see Sabrina she would have [him] arrested." Thus, at the time of entry of the legitimation decree there was evidence that by parental agreement Sabrina was to be raised by her father for one-half of the time and by her mother one-half the time. In February, 1982, however, that arrangement which existed at the time the legitimation decree was ren-

dered was ended by Stubberfield's conduct. We hold that an existing shared custody arrangement voluntarily agreed upon by both parents who chose to live apart is a "circumstance" of a child within the meaning of TEX.FAM.CODE ANN. § 14.-08(c)(1). We hold further that evidence that one parent refused to continue that agreed arrangement existing at the time the legitimation decree was rendered raised a fact issue as to whether the child's circumstances had materially and substantially changed since rendition of the order sought to be modified.

 Second, we consider if the evidence raised a fact issue as to whether the retention of Stubberfield as managing conservator would be injurious to Sabrina's welfare. In the present case there is evidence that Sabrina was deprived of the opportunity to be loved and cared for by her father in her father's home for one-half of her childhood. There is evidence that Sabrina was deprived of this opportunity by Stubberfield, the managing conservator. There is no evidence that Guy was deficient in any way as parent of Sabrina while she was in his home. A representative of the Dallas County Juvenile Department testified as following concerning this shared custody arrangement:

> I think under that circumstance that a child usually benefits with having an ongoing contact and involvement with two parents as opposed to one parent. The child from their feedback and some observation appeared to do well even when I saw them together but I think the child highly benefited under those circumstances. I think these parents are very unique in terms of their involvement, their positive attitude, their investment in the time with this child and I think the child can only benefit under those circumstances. I think she did.
>
> \* \* \* \* \* \*
>
> As I stated earlier, I think these are very positive parents, very positive parents, and I saw nothing to indicate that either one had anything negative in any shape, form, or fashion in regard to their

behavior, their attitude, their interest in this child.

\* \* \* \* \* \*

Essentially my assessment of the dynamics of that, I felt it had gotten to the point where at this point in dealing with the child that the visitation schedule had broken down in February and they had gotten into a power struggle regarding the child. That's why they were not able to renegotiate any ongoing current co-parenting arrangement.

This evidence established that Sabrina benefited from the shared custody arrangement. We hold that deprivation of a *beneficial* shared custody arrangement voluntarily agreed upon by a child's parents would be injurious to a child. We hold further, therefore, that evidence that a child has been deprived of such a beneficial custody arrangement raised a fact issue as to whether the change in the child's circumstances resulting from that deprivation would be injurious to the child. Moreover, the record reflects that the relationship between Guy and Stubberfield had become strained and that in February, 1982, Stubberfield decided to use Guy's paternal love for Sabrina as a weapon in the dispute by denying him access to their child even though the legitimation decree named Guy as possessory conservator with certain limited rights to possession. Thus, the evidence established that Sabrina was used by the managing conservator, Stubberfield, as a pawn in a dispute with the child's father that arose concerning Sabrina. Therefore, there is evidence that the managing conservator, Stubberfield, was the person responsible for the deprivation of a custody arrangement beneficial to the child and that Stubberfield continued to act so as to deprive the child of that beneficial arrangement through her position as managing conservator until time of trial. Accordingly, we hold that the evidence raised a fact issue as to whether retention of Stubberfield as managing conservator would be injurious to the child's welfare.

 Third, we consider if the evidence raised a fact issue as to whether appointment of a new managing conservator would be a positive improvement for Sabrina. We hold that for the managing conservator to use a child as a pawn in a dispute between its parents is detrimental to the child's best interests. Therefore, for that reason, and for the reasons set out above in our discussion of the second material fact issue, we conclude that the evidence raised a fact issue as to whether appointment of a new managing conservator would be a positive improvement for Sabrina.

Having found that these three material issues of fact have been raised by the evidence in the record before us, we conclude that the trial court erred in granting Stubberfield's motion to dismiss. Accordingly, we sustain Guy's first point. In doing so, we hold only that material issues of fact have been raised by the evidence in the record before us. We express no opinion as to how the trier of fact is to resolve conflicts in the evidence upon retrial and we express no opinion as to the order to be rendered by the trial court on Guy's motion to modify following retrial and resolution of the conflicting evidence, if any, by the trier of fact.

### Child Support.

Prior to the time Guy rested his case, the trial court had heard no evidence with respect to the child support award sought by Stubberfield in her counter-petition. In his third point Guy contends that the trial court erred in awarding Stubberfield child support because there was no evidence to support such an award. The decree of legitimation did not order Guy to pay child support.

 Immediately following its announcement that Stubberfield's motion to dismiss was granted, the trial court stated that the matter of child support was left unresolved. The trial court advised the parties that if they could not work out the amount of child support that the court would determine the amount. No testimony was ever presented concerning expenses of clothing, feeding or housing Sabrina or

concerning any other matter pertaining to her care, support and maintenance. Indeed, the trial court answered in the negative when asked by Stubberfield's counsel if it wanted evidence in the event the parties could not agree on the amount of child support. The parties were unable to agree on the amount of child support. Although the trial court ordered Guy to pay child support in the amount of $400.00 per month, we conclude that there is no evidence in the record to support an award for child support in any amount. Consequently, we conclude that the trial court erred in ordering Guy to pay child support. Since the trial court declined to hear evidence on this issue, in the interest of justice we remand to the trial court so that the facts concerning the amount of child support may be further developed. *See Bergerac v. Maloney*, 556 S.W.2d 586, 587 (Tex.Civ. App.—Dallas 1977, writ dism'd).

Reversed and remanded.