CHARTER INTERNATIONAL OIL COMPANY, Appellant,

v.

TOLSON OIL COMPANY, et al., Appellees.

No. 14621.

Court of Appeals of Texas, Austin.

Oct. 22, 1986.

Rehearing Denied Nov. 19, 1986.

G. Michael Lawrence, Graves, Dougherty, Hearon & Moody, Austin, for appellant.

Ralph A. Rash, Rash, Laney & Schreiber, Austin, for appellees.

Before POWERS, BRADY and CARROLL, JJ.

BRADY, Justice.

Appellant Charter International Oil Company appeals from a take-nothing judgment rendered in a bench trial of its suit against appellees, Tolson Oil Company and the Tolsons individually. At trial, appellant sought to recover $24,681.00 for gasoline allegedly sold to appellees in July of 1980. At the close of the appellant's evidence, the trial court granted appellees' motion for judgment. On this appeal, appellant Charter argues that the only issue is whether the evidence presented raises a material fact issue. The trial court concluded that there was no probative evidence that appellees were indebted to appellant for any sum. We will affirm that judgment.

The facts developed that appellant, a wholesale gasoline dealer, had been selling fuel to Tolson Oil Company who re-sold these products through its retail convenience store outlets. Apparently, appellant discovered some three-year old records and concluded that there was a delivery of gasoline to Tolson for which Tolson was never billed. The appellant's witness, Mr. Robert W. Curry, the credit manager of Charter Oil, indicated by his testimony that he was not sure what had happened. Tolson, which had been paying its bills monthly, could find no record of receiving the gasoline in question.

The principal evidence consisted of a series of almost illegible "manifests" or invoices recording the delivery of gasoline by appellant's distributor to drivers of appellees' trucks. These manifests were not prepared by the appellant company itself, but rather by the third-party distributor, Coastal States Marketing. Over appellees' objection, these manifests were formally admitted into evidence as business records.

In its findings of fact and conclusions of law, the trial court held that the proper foundation had not been established to qualify these manifests as business records under Tex.R. of Evid.Ann. 803(6) (Supp. 1986). Rule 803(6) provides that records "kept in the course of a regularly conducted activity" are admissible under an exception to the hearsay rule if they are shown "by the testimony of the custodian or other qualified witness" to have been "made at or near the time" of the transaction concerned "by, or from information transmitted by, a person with knowledge," and if it was "the regular practice of that business activity to make" the record. See Tex.R. Evid. 803(6). The trial court stated that it

failed to find the manifests were "made at or near the time" of the alleged delivery.

In its judgment, the trial court also found against appellant on the merits it had failed to meet its burden of proof. The trial court's judgment on the merits and later holding on the admissibility of the manifests are significant because they call into focus the subtle procedural issue raised by this appeal; the rulings came after a motion for judgment was granted, a time when it has been held the trial court may not make findings of fact. *Yarbrough v. Phillips Petroleum Co.*, 670 S.W.2d 270, 272 (Tex.App.1983, writ ref'd n.r.e.); *Eikel v. Bristow Corp.*, 529 S.W.2d 795, 797 (Tex.Civ.App.1975, no writ); *Olshan Lumber Company v. Bullard*, 395 S.W.2d 670, 672 (Tex.Civ.App.1965, no writ).

Despite the fact that the judge serves as both magistrate and fact finder, Texas jurisprudence typically treats a motion for judgment in a bench trial as identical to a motion for directed verdict in a jury trial. *Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 573 (Tex.Civ.App.1981, no writ). As a result, a motion for judgment only permits a ruling on the sufficiency of the plaintiff's evidence to raise a question of fact. *Yarbrough v. Phillips, supra; Meyers v. Ford Motor Credit Co., supra; City of College Station v. Seaback*, 594 S.W.2d 772, 777 (Tex.Civ.App.1979, writ ref'd n.r.e.). Because the motion only addresses this narrow issue, a trial judge granting the judgment has been held to be without authority to make subsequent findings of fact and conclusions of law as his fact finding power is extinguished upon granting the motion. *Eikel v. Bristow, supra* at 797; *Cox v. Rhodes*, 233 S.W.2d 924, 926 (Tex.Civ.App.1950, writ ref'd n.r.e.). Consequently, when an order sustaining a motion for judgment is appealed, it is reviewed as if the trial below was a jury trial; that is, all evidence presented at trial must be considered in a light most favorable to appellant and all contrary inferences must be disregarded. *Stegman v. Chavers*, 704 S.W.2d 793, 794 (Tex.App.

1985, no writ); *Meyers v. Ford Motor Credit Co., supra* at 573. If the evidence so considered raises a question of fact, the case must be remanded for a new trial. *Id.*

Because a judge in a bench trial serves in a dual capacity as finder of both fact and law, some courts have questioned the propriety of treating motions for judgment as identical to motions for directed verdict. *See R.W.M. v. J.C.M.*, 684 S.W.2d 746 (Tex. App.1984, writ ref'd n.r.e.) (J. Seerden, concurring opinion) (J. Gonzales, dissenting opinion); *McDaniel v. Carruth*, 637 S.W.2d 498, 504 (Tex.App.1982, no writ); *Guthrie v. Ray*, 556 S.W.2d 589, 591 (Tex.Civ.App. 1977, no writ). The principal difficulty is that the motion is typically made after the plaintiff has rested its case. At this time, the judge is prepared to decide not only whether the evidence presented raises a question of fact, but also whether the plaintiff has carried his burden of proof. Thus, after the plaintiff has presented his case in a bench trial, an order sustaining a defendant's motion for judgment arguably includes both a ruling on legal sufficiency of the evidence to establish a prima facie case, and an implicit holding that the court as finder of fact is unpersuaded on the merits.

In the federal courts, this area is governed by a rule of civil procedure which authorizes the trial court to rule on the merits if requested by the defendant at any time after the plaintiff has rested. *See* Fed.R.Civ.P. 41(b). Likewise, most states govern this matter by similar rules which also permit factual determinations by the court upon motion by defendant at the close of the plaintiff's case. *See* Annot. 55 A.L.R.3rd 272. Texas apparently adheres to the common law rule, which is now also the minority rule. *Id.*

Adoption of the majority rule was suggested in the Texas case of *R.W.M. v. J.C.M., supra.* While the majority in *R.W.M.* adhered to the practice of treating motions for judgment as identical to motions for directed verdict, a concurring opinion discussed the difficulty of this approach and suggested the rule was "... inconsistent with the modern trend and the

general purposes of the Texas Rules of Civil Procedure . . ." *Id.* at 750. This position was more strongly stated in a dissenting opinion. The dissent criticized the Texas courts for ignoring the illogical nature of the present rule and for blindly following an unreasoned initial statement of the rule in *Lorino v. Crawford Packing Co.*, 169 S.W.2d 235, 240 (Tex.Civ.App.), *aff'd*, 142 Tex. 51, 175 S.W.2d 410 (1943). Indeed, it appears virtually all other Texas cases addressing motions for judgment in non-jury trials merely state they are identical to motions for directed verdict and apply the same standard of review without further explanation or justification. *See e.g., Stegman v. Chavers, supra* at 794; *Coulson v. Sheppard,* 700 S.W.2d 336, 337 (Tex.App.1985, writ ref'd n.r.e.); *Olshan Demolishing Co. v. Angleton I.S.D.,* 684 S.W.2d 179, 181–182 (Tex.App.1984, no writ); *Guy v. Stubberfield,* 666 S.W.2d 176, 178 (Tex.App.1983, no writ); *Kirkwood v. Kirkwood,* 663 S.W.2d 34, 36 (Tex.App.1983, no writ); *Kennedy v. Kennedy,* 619 S.W.2d 409, 410 (Tex.Civ.App.1981, no writ); *Meyers v. Ford Motor Credit Co., supra* at 573; *Plumb v. Stuessy,* 603 S.W.2d 351, 354 (Tex.Civ.App.1980), *rev'd on other grounds,* 617 S.W.2d 667 (Tex. 1981); City of *College Station v. Seabach, supra* at 777; *Allen v. Nesmith,* 525 S.W.2d 943, 945 (Tex.Civ.App.1975, no writ); *Casey v. Sanborn's Inc. of Texas,* 478 S.W.2d 234, 236 (Tex.Civ.App.1972, no writ); *Olshan Lumber Company v. Bullard, supra* at 672; *Cox v. Rhodes, supra* at 965; *Burkhardt v. Harris,* 200 S.W.2d 445, 446 (Tex.Civ.App.1947, no writ); *Lorino v. Crawford Packing Co., supra* at 240; *see also* 4 McDonald, *Texas Civil Practice* § 16.04 (1984).

The inherent distinction between a motion for judgment and a motion for directed verdict was also recognized in *Church of Life v. Elder,* 564 S.W.2d 111 (Tex.Civ.App. 1978, no writ). In *Elder,* as in the case below, the trial court served without a jury and granted the defendant's motion for judgment after the plaintiff had rested. On appeal, the appellant urged that it was entitled to the most favorable construction of the evidence in determining whether a new trial was warranted. The *Elder* court held that because the case was "fully developed," it was proper to consider the trial court's findings of fact that the plaintiff had not carried his burden of proof. *Id.* at 112. This approach appears proper as the plaintiff had presented all evidence he desired the court to consider, thus after such "full development" the judge was adequately prepared to pass on both the legal and factual sufficiency of that evidence.

The *Elder* case has, however, been criticized on this point. In *Yarbrough v. Phillips Petroleum, supra,* the First District Court of Appeals declined to follow *Elder* because the court ". . . did not explain the basis for its conclusion that the record was 'fully developed.'" *Yarbrough* at 272. The *Yarbrough* court further distinguished *Elder* stating:

> In the case before us, the record was not fully developed and the trial court was not authorized, at the close of appellant's case, to make any factual determination of the merits of the case, unless, at that time, *the parties had indicated, in some affirmative manner, that all evidence on the merits of the case had been presented.*

[Emphasis added]. *Id.* at 272.

In the instant cause, appellant had rested its case affirmatively indicating its desire and permanently waiving its right to put on additional evidence except by way of rebuttal. Appellee, not having the burden of proof, was under no obligation to put on *any* evidence and by moving for judgment signaled its desire to do so only if necessary. These acts were clearly "affirmative indications" that all evidence that the parties wished to present on the merits had been received. This situation would appear to satisfy both the requirement of "full development" discussed in *Elder, supra* and "affirmative indications" suggested by *Yarbrough, supra.* It is unclear how, if at all, the case could have become more fully developed or the parties could have more affirmatively communicated their intentions. Although the court had not heard

the defendant's evidence, the burden of proof was on the plaintiff and it is unrealistic to expect the defense would present proof that would establish the plaintiff's case. A remand of this case solely because a favorable construction of the evidence reveals a question of fact would merely allow the appellant an unwarranted second opportunity for evaluation of the merits based on the same facts.

Clearly, the approach to reviewing motions for judgment utilized in *Church of Life v. Elder, supra,* is the better rule. The proper standard should be whether the plaintiff was afforded the opportunity to present all evidence it is entitled to offer such that there was full development its case. Stated differently, absent an improper exclusion of evidence, where a trial court serving without a jury sustains a defendant's motion for judgment after the plaintiff has rested its case, that order should be considered as both a ruling on the legal sufficiency of the evidence to show a prima facie case and a holding by the finder of fact that the plaintiff failed to carry its burden of proof. As a finding of fact, such a ruling will not be disturbed unless it is clearly erroneous and unsupported by any evidence of probative value such as to be against the great weight and preponderance of the evidence. *Church of Life v. Elder, supra* at 112, citing *Williams v. Cooper,* 504 S.W.2d 564 (Tex.Civ.App.1973, no writ); *Cortez v. Cortez,* 457 S.W.2d 131 (Tex.Civ.App.1970, no writ); *see also One 1984 Ford, VIN No. IFABP43F7EZ116686 v. State,* 698 S.W.2d 279, 284 (Tex.App. 1985, no writ); *Linder v. Hill,* 673 S.W.2d 611, 614 (Tex.App.), *aff'd* 691 S.W.2d 590 (Tex.1984); 4 McDonald, Texas Civil Practice § 16.10 (1984).

Here, the appellant as plaintiff below had rested its case signaling full development of its evidence. Consequently, because the sole proof at issue in this appeal was already in evidence and before the trial court as both magistrate and finder of fact, the holding of the trial court will not be overruled if supported by any evidence of probative value. *Id.* From a review of the

record, we find there was ample evidence to support the trial court's judgment that "the law and the facts are with the defendants and that all relief should be denied." The judgment of the trial court is affirmed.