Tom REESE a/k/a Tom Rumbo & Jessie Kennedy, Co–Permanent Administrators of the Estate of Lillian Reese, Deceased, Appellants,

v.

Jim PARKER, Former Temporary Administrator of the Estate of Lillian Reese, Deceased, Appellee.

No. A14–86–820–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1987.

James L. Phillips, Houston, for appellants.

Barry J. Hards, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellants, Tom Reese a/k/a Tom Rumbo and Jessie Kennedy, Co–Permanent Administrators of the Estate of Lillian Reese, Deceased (Rumbo, Kennedy and/or appellants), filed suit in conversion against appellee, Jim Parker, Former Temporary Administrator of the Estate of Lillian Reese, Deceased (Parker or appellee). The trial court granted appellee's motion for judgment and rendered judgment that appellants take nothing. Findings of fact and conclusions of law stated the two-year statute of limitations barred appellants' cause of action. We reverse the judgment of the trial court and remand the cause for trial.

Appellants present eleven points of error. In points one, two, and six they attack the sufficiency of the evidence supporting the trial court's findings and conclusion that the two-year statute of limitations bars their cause of action. Appellants claim in their third and fourth points that the statute was tolled during the pendency of the venue appeal and by appellee's failure to disclose material facts under the will. They allege in point of error five that the court's finding of constructive notice was erroneous. In points of error seven through eleven appellants assert error in the trial court's failure to file four requested additional findings and an amended conclusion of law.

This case presents a series of complex facts from its inception throughout trial. We note initially that at the conclusion of the evidence (rather than more typically at

the close of plaintiff's evidence) Parker as defendant moved for "directed verdict." The motion consisted of several grounds, including the statutory bar of appellants' cause of action.

■ The proper motion in a bench trial is of course a motion for judgment rather than for instructed or directed verdict. *West Oso Independent School District v. Paisano Minerals*, 661 S.W.2d 300, 301 n. 1 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). However, appellate standards of review for the two are identical, since the granting of a motion for judgment in a bench trial is equivalent to the granting of a motion for directed verdict in a jury trial. *Stegman v. Chavers*, 704 S.W.2d 793, 794 (Tex.App.—Dallas 1985, no writ); *Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 573 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

The trial court granted Parker's motion, holding the two-year statute of limitations barred appellants' cause of action. Since the court sustained the motion for judgment, we must therefore view all evidence presented in the light most favorable to appellants, ignore contradictory evidence favorable to appellee, and indulge every reasonable inference in appellants' favor. *Yarbrough v. Phillips Petroleum Co.*, 670 S.W.2d 270, 272 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ We note additionally that the trial court, although granting Parker's motion, entered findings of fact. Such findings are inappropriate after a motion for judgment, since the court does not act in the role of fact finder. *Id.* at 272. We shall nevertheless address the findings when necessary.

We now set forth the complicated procedural chronology of the case, which is essential to its comprehension. On April 15, 1982, the decedent, Lillian Reese, died in Houston. Members of the decedent's family contacted Parker to act as administrator of the Reese estate. He applied for letters of administration to the county court of Comanche County. On April 20, 1982, the court granted Parker letters of temporary administration upon his averment that the decedent had died intestate in Harris County but had an interest in real property located in Comanche County.

On March 25, 1982, before Parker's appointment as temporary administrator, the decedent purportedly wrote a holographic will. The holograph named appellants Rumbo (who had lived with the decedent for approximately twenty-five years, but who had not been ceremonially married to her) and Kennedy (who had worked for the decedent for several years) as specific legatees. Kennedy informed Parker of the existence of the alleged will and showed it to him in early May 1982, when Parker, acting as temporary administrator, visited the decedent's home to collect the remaining assets of the estate. Parker advised Kennedy to contact an attorney regarding the will.

Although the facts are in dispute, the record indicates Parker may have believed the will, if indeed one existed, would not be offered for probate. On May 10, 1982, acting under authority of the court's letters of administration, Parker obtained a cashier's check in the amount of $66,469.27 (the remaining funds in the estate). On May 19, 1982, Parker submitted an inventory, appraisement and list of claims to the Comanche County court, which approved it on June 22, 1982.

After Parker's appointment as temporary administrator in Comanche County, Rumbo and Kennedy applied for letters of administration with will annexed in Harris County Probate Court No. 1. Notwithstanding the fact that estate proceedings had already commenced in Comanche County, proceedings were *not* stayed in Harris County until final determination of venue had occurred in Comanche County. Tex. Prob.Code Ann. § 8(b) (Vernon 1980). The will was admitted to probate in Harris County on July 14, 1982. The court appointed Rumbo and Kennedy permanent co-administrators on September 20, 1982.

Several weeks before appellants' appointment, Parker had applied in Comanche County to disburse funds to two heirs. That court entered an order authorizing the disbursement of the sum of $50,000 ($25,-

000 each to purported heirs at law Marguerite Green and Dorris Goans) on August 11, 1982. The actual disbursement occurred on August 25, 1982.

It is difficult to ascertain exact dates from the record. However, Rumbo and Kennedy apparently applied to the Comanche County court in November 1982 and June 1983 to have Parker removed as temporary administrator. As a result of the second application and show cause hearing the case was transferred to the 220th District Court of Comanche County, where a priority of venue hearing was held. The district court determined that venue to administer estate proceedings lay in Comanche County, and Rumbo and Kennedy appealed. The Eastland Court of Appeals reversed the judgment of the trial court on April 19, 1984, and transferred the probate proceedings to Harris County Probate Court No. 1 for consolidation with the cause on file there. No order was entered at that time removing Parker as temporary administrator.

Appellants then reapplied in the Harris County court to have Parker removed. On *December 20, 1984,* the court ordered Parker removed as temporary administrator and all estate property delivered to appellants as co-administrators. The Harris County court subsequently adopted Parker's annual accounting, filed November 13, 1984, and listing remaining estate assets at $9,298.58, as the final estate accounting.

Acting as co-administrators, appellants filed written objections to the final accounting and demanded the remaining funds be returned to the estate. A demand letter was written on January 25, 1985. Parker did not comply. Appellants' original petition, alleging negligence, was filed in Harris County Probate Court No. 1 on February 15, 1985. Appellants filed their first amended original petition on April 4, 1986, adding causes of action in conversion, breach of fiduciary duty, and fraud.

A bench trial was held on May 14, 1986. The trial court granted Parker's motion for judgment and entered judgment on August 12, 1986, that appellants take nothing. In its findings of fact and conclusions of law filed November 14, 1986, the court found appellants' action in wrongful conversion was barred by limitations, the statutory limitation period having expired on August 25, 1984.

In points of error one and two appellants challenge the trial court's "findings" (*i.e.,* conclusion of law) and judgment that their cause of action in conversion is barred by the two-year statute of limitations, Tex.Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986) (formerly Tex.Rev.Civ.Stat.Ann. art. 5526).[1] They maintain there is no evidence to support the statutory limitation bar. Appellants similarly assert legal insufficiency in their sixth point of error, claiming the trial court erred in its conclusion that their action for wrongful conversion of estate property was pursued untimely. We agree and sustain the points of error.

The findings and conclusions at issue are the following:

### FINDINGS OF FACT

\*　　\*　　\*　　\*　　\*　　\*

7. The Application to Disburse Funds filed in the County Court of Comanche County, Texas, by JIM PARKER, Temporary Administrator of The Estate of LILLIAN REESE, was granted and the Order disbursing funds was signed on August 11th, 1982, authorizing the disbursement of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) to DORIS GOANS and MARGUERITE GREEN. The disbursement was made on August 25, 1982.

\*　　\*　　\*　　\*　　\*　　\*

### CONCLUSIONS OF LAW

\*　　\*　　\*　　\*　　\*　　\*

**1.** § 16.003. Two–Year Limitations Period. (a) A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or de-

taining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

2. The cause of action alleged by Plaintiffs in cause number 178,419–401, for wrongful conversion of personal property from The Estate of Lillian Reese was not timely pursued in that Plaintiffs filed their claim subsequent to the limitation period having expired on August 25, 1984.

\* \* \* \* \* \*

In holding appellants' action in conversion barred by limitations, the trial court concluded the cause of action accrued as of August 25, 1982, the date Parker actually disbursed estate funds to the two purported heirs at law. We hold the trial court erred in its conclusion of law that appellants' suit in conversion, filed after August 25, 1984, was barred by limitations.

Due to the complexity of the case, problems arise in determining when the cause of action in conversion accrued; *i.e.*, whether on the actual date of disbursement triggered the statutory period, and thus the cause of action accrued on August 25, 1982.

█ For purposes of the statute of limitations, the term "accrued" signifies the date when a party with a right of action first becomes entitled to sue another party based upon a legal wrong attributed to the latter. However, circumstances may occur (so-called "lawful acts") in which a defendant's conduct will not form the basis of an immediate suit by a plaintiff. A cause of action will then accrue only when the plaintiff's legally protected interest has been invaded. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex.App.—Austin 1985, no writ).

█ A conversion occurs in law by one's *unauthorized and wrongful* assumption and exercise of dominion and control over another's property, to the exclusion of the owner's rights. *First State Bank, Morton v. Chesshir*, 634 S.W.2d 742, 745 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.) (emphasis added); 15 Tex.Jur.3d *Conversion* §§ 1, 3 (1981) and citations therein. However, possession of the property may originally be acquired by lawful means.

2. In cases of initial lawful possession the statute of limitations generally begins to run when the

See e.g., *Judson Bldg. v. First Nat. Bank of Longview*, 587 F.Supp. 852, 856 (E.D. Tex.1984); *Johnson v. Lane*, 524 S.W.2d 361, 364 (Tex.Civ.App.—Dallas 1975, no writ); *Taylor v. Walston & Co., Inc.*, 502 S.W.2d 613, 615 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). In those cases where possession of property is initially lawful, accrual of the cause of action is affected.[2]

In the unusual facts before us, two partially concurrent administrations of the same estate took place in two separate counties; the first a temporary administration, and the second a co-administration with will annexed. The record establishes that the Comanche County court granted Parker letters of temporary administration on April 20, 1982, five days after the decedent's death, and five months prior to appellants' qualification as co-administrators in Harris County. In qualifying Parker as temporary administrator, the Comanche County court acted in conformance with procedure prescribed by the Texas Probate Code:

§ 131. Procedure

(a) Necessity of Appointment. Whenever it appears to the county judge that the interest of a decedent's estate ... requires immediate appointment of a personal representative, he shall, by written order, appoint a suitable temporary representative, *with such limited powers as the circumstances of the case require,* and such appointment may be made permanent, as herein provided.

The code addresses the powers of temporary administrators as follows:

§ 133. Powers of Temporary Appointees

(a) Temporary Administrators. Temporary administrators shall have and exercise *only such rights and powers as are specifically expressed in the order of the court appointing them,* and as may be expressed in subsequent orders of the court.... Any acts performed by temporary administrators that are not so expressly authorized shall be void.

return of the property has been demanded and refused.

Tex.Prob.Code Ann. §§ 131(a), 133(a) (Vernon 1980) (emphasis added).

 We have examined the record, including the letters of administration under which Parker derived his authority, and find no indication that the court limited Parker's powers of administration or that he exceeded such powers in any way. On the contrary, the evidence demonstrates Parker acted at all times with the approval of the Comanche County court: he withdrew the remaining estate funds with approval; he submitted an inventory, appraisement and list of claims that the court subsequently approved; and he applied to the court to disburse the sum of $50,000, but actually disbursed the funds only after an order was entered authorizing him to do so. We see nothing in the record to demonstrate that Parker either exceeded his powers or refused to obey any order of the Comanche County court.

Furthermore, the record establishes the Comanche County court retained jurisdiction of the estate proceedings from its initial determination of proper venue through a final venue determination.[3] The proceedings were not transferred to Harris County until the appellate court's reversal of the district court's final judgment. Therefore, at least until April 19, 1984, the date of the appellate mandate, Parker was acting entirely within the authority conferred upon him by the Comanche County court. We note, moreover, that the appellate mandate, although transferring the proceedings, did not then remove Parker as temporary administrator. The Harris County court did not order Parker removed until *December 20, 1984*. We accordingly hold that Parker, acting under authority of the Comanche County court, committed no legal wrong on August 25, 1982, the date of disbursement. Therefore, the earliest date on which appellants' conversion cause of action may accrue is the date on which Parker no longer acted under Comanche County court authority, or December 20, 1984, the date of his removal and "turnover" order.

Appellants made a written demand on January 28, 1985, *for the return of the* remaining estate funds, with which Parker did not comply. They filed their original petition on February 15, 1985, and an amended petition on April 4, 1986.

Applying the standards of review of a motion for judgment discussed above, we hold appellants' cause of action, having accrued no earlier than December 20, 1984, is not barred by the two-year statute of limitations. We further hold the trial court erred in so holding in its conclusion of law. Points of error one, two, and six are accordingly sustained. In light of our disposition of the aforementioned points of error, we do not address the remaining points.

 Generally, in sustaining no evidence points, an appellate court will reverse the judgment of the court below and render such judgment as the court should have rendered, particularly where a case has been fully developed. Tex.R.App.P. 81(c); *Groves v. Hanks*, 546 S.W.2d 638, 649–50 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

However, in the case before us, the trial court granted appellee's motion for judgment based on a two-year statutory limitation bar. We are thus unable to state that this case has been fully developed, particularly with regard to the conversion cause of action. Therefore, we find it necessary to remand the cause to the court below for further proceedings. Tex.R.App.P. 81(c); *Getto v. Gray*, 627 S.W.2d 437, 440 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

The judgment of the trial court is reversed and the cause remanded for trial.

---

**3.** The district court held a priority of venue hearing on July 18, 1983, and as a result held venue was proper.