CUSTOM CONTROLS CO., Appellant,

v.

MDS QANTEL, INC., Appellee.

No. 01–87–00282–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 24, 1987.

William A. Tillman, Tillman & Pribilski,
Houston, for appellant.

Clarence E. Eriksen, Patricia N. Brantley, Greg M. Luck, Arnold, White & Durkee, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and JACK SMITH, JJ.

## OPINION

SAM BASS, Justice.

Appellant brought suit against Computer Results, Inc. ("Computer Results"), Mohawk Data Sciences Corp. ("Mohawk"), and MDS Qantel, Inc. ("Qantel") to recover damages for a defective computer system. Appellant non-suited Computer Results and tried its case against the remaining defendants to the court. At the close of appellant's case-in-chief, appellee moved for judgment, without resting its case, arguing that appellant had failed to show any wrongdoing by Mohawk and Qantel. The court granted appellee's motion and rendered a take-nothing judgment. On appeal, appellant does not pursue any claims against Mohawk; thus, the remaining dispute is between appellant and Qantel.

We reverse and remand for a new trial.

Computer Results was a sole distributor for Qantel. Under its distributorship agreement with Qantel, Computer Results was expressly prohibited from modifying any merchandise without receiving permission from Qantel. Appellant contracted with Computer Results for a system that would modernize its in-house accounting procedures. Under this contract, Computer Results agreed to modify an existing Qantel software package to serve appellant's specific needs. Computer Results president, Gene Stacey, assured appellant that Computer Results would obtain approval from Qantel before consummating the sale.

The system proved to be defective, and after attempts to correct the problems failed, appellant gave the required notice and then filed suit under the Deceptive Trade Practices Act ("D.T.P.A."), Tex.Bus. & Com.Code Ann. secs. 17.46(b)(5) and (7), and 17.50(a)(2) (Vernon Supp.1987). Appellant sought damages for misrepresentations about the quality and character of the product it purchased, and for breach of warranty.

Appellant's first point of error raises the issue of whether the trial court properly granted the motion for judgment in favor of appellee, contending that the trial court erred in holding there was no evidence presented that Qantel, or its representatives, employees, and agents, had any involvement in the transaction between Custom and Computer Results. In its second point of error, appellant contends that the trial court erred because there was sufficient evidence to support a finding of joint venture, agency, partnership, or other relationship between Computer Results and Qantel upon which Qantel could be held responsible.

This Court has held that when a trial court sustains a defendant's motion for directed verdict at the close of the plaintiff's case in a nonjury trial, it does not act in the role of a fact finder and has no authority to make any findings of fact, unless there is an affirmative indication by both parties that all evidence is before the court. *Yarbrough v. Phillips Petroleum Co.*, 670 S.W.2d 270, 272 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).[1] Consequent-

1. Appellee would have us depart from our holding in *Yarbrough* and adopt in its place that of *Charter International Oil Co. v. Tolson Oil Co.*, 720 S.W.2d 165 (Tex.App.—Austin 1986, no writ). In *Charter*, the Austin Court of Appeals held that, assuming the trial court has not excluded any evidence improperly, when a trial is had to the court and the court sustains a defendant's motion for judgment, an appellate court must consider that order on appeal as both a ruling on the legal sufficiency of the evidence to show a prima facie case and a holding by the finder of fact (*i.e.*, the trial court) that the plain-

tiff failed to carry its burden of proof. *Charter Oil Co. v. Tolson Oil Co.*, 720 S.W.2d at 169. We stated in *Yarbrough* that a trial court in this type of situation cannot make any factual determination of the merits of the case *unless* there has been an indication by both parties in "some affirmative manner" that all evidence on the merits has been presented by them. Any language in *Charter* stating that we held to the contrary is incorrect. In *Yarbrough* there was no affirmative indication by both parties that all evidence had been put forward. In the case at bar, appellee *did not rest*. Clearly, then, in this case there has not been the type of affirmative

ly, appellant's second point of error is irrelevant because at this point in the trial, the court could not have made a finding of *factually* insufficient evidence. Instead, the court was limited to addressing the *legal* sufficiency of appellant's case—the issue being whether appellant raised a question of fact on each element of its *prima facie* case.

▉ The correct standard of review is the same as that used to review a directed verdict in a jury trial. *Gibralter Sav. Ass'n v. Watson*, 624 S.W.2d 650, 652 (Tex. App.—Houston [14th Dist.] 1981, no writ); *Rhinetubes, Inc. v. Norddeutscher Lloyd*, 335 S.W.2d 269, 274 (Tex.Civ.App.—Houston 1960, no writ). We consider all evidence presented at trial in the light most favorable to the appellant and disregard all contrary inferences. *Yarbrough v. Phillips Petroleum Co.*, 670 S.W.2d at 272. If this evidence raises a question of fact, the case must be remanded for a new trial. *Id.*

▉ In order to ascertain whether the evidence raises a question of fact, we must consider whether appellant put forth the elements of a prima facie case at trial. If appellant failed to do so, then the court was correct in granting a motion for judgment. If appellant provided any evidence greater than a scintilla, on every element of its cause of action, the court erred in granting appellee's motion for judgment, and we must reverse and remand for a trial on the merits. *Yarbrough v. Phillips Petroleum Co.*, 670 S.W.2d at 272–73.

▉ In applying the "no evidence" standard, we first note that the elements of a D.T.P.A. misrepresentation claim are relatively simple. A plaintiff must establish that: 1) he was a consumer of goods or services; 2) the seller/lessor misrepresented the nature of the goods or services at issue; and 3) the misrepresentation was the producing cause of the plaintiff's damages. *See, e.g., Home Sav. Ass'n v. Guerra*, 733

S.W.2d 134, 136 (Tex.1987). Neither party addresses the sufficiency of appellant's evidence on the first two elements. Thus, the only issue on appeal is whether there was any evidence produced at trial that Qantel either made or could be held responsible for the misrepresentation or breach of warranty that was the producing cause of appellant's damages.

▉ The consumer need not establish contractual privity with the defendant. *Home Sav. Ass'n v. Guerra*, 733 S.W.2d at 136. A defendant may commit a deceptive act through various means. He may have committed the act himself; he may have ratified the act; or, he may have been responsible for the act by virtue of an agency relationship between himself and the person (or entity) who committed the deceptive act. *See, e.g., Colonial Leasing Co. v. Kinerd*, 733 S.W.2d 671 (Tex.App.—Eastland 1987, no writ).

▉ In *Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex.1982), the Texas Supreme Court held that when two parties are "inextricably intertwined" to a certain degree (determined from the facts of each case), they may be held equally responsible for misrepresentations that are the producing cause of a consumer's damages.[2] *Id.*

▉ Appellant provided testimony and/or documentary evidence of the following at trial:

1. Qantel appointed Computer Results as its sole distributor in Texas, and the distributorship agreement required Computer Results to promote Qantel computer systems, maintain salesmen to sell Qantel computer systems, and to maintain these systems after they were sold;

2. Qantel was listed in the Houston business telephone directory under the number for Computer Results;

3. Computer Results told appellant that Qantel warranted all their computer sys-

---

indication by the parties that all evidence had been put forward, and therefore an analysis like that used in *Charter* is not warranted.

**2.** In other words, the plaintiff must adduce evidence at trial that he was affected adversely by

a false or misleading act by each defendant and that this act was a producing cause of the damages he sustained. *Home Sav. Ass'n v. Guerra*, 733 S.W.2d at 136.

tems and that it would seek approval of any sale to appellant from Qantel;

4. Qantel required Computer Results to distribute advertising material on behalf of Qantel, displaying Qantel's logo;

5. Qantel's logo appeared on Computer Results letterhead and work papers; and,

6. Both Computer Results and appellant communicated the problems appellant had with the system to Qantel.

This evidence was *some* evidence (*i.e.*, more than a scintilla) of a relationship between Qantel and Computer Results, and the court erred in granting appellee's motion for judgment.

We note that this opinion should not be read as an assessment of the merits of plaintiff's claims. The state of the record does not permit us to do so.

Appellant's first point of error is sustained.

We reverse and remand for a new trial.